RUFUS HEATON, Respondent, *v.* THEODORE M. LEONARD, Appellant.

*Statute of Limitations — Code of Civil Procedure,* § 395 — *the debtor's check as an acknowledgment in writing.*

A check made by a debtor, for less than the amount of a claim against him, offered to his creditor in the way of compromise, is not such an unqualified acknowledgment of the debt as is required under section 395 of the Code of Civil Procedure, to prevent the Statute of Limitations running against the claim.

*Quære,* whether a debtor's check, merely offered to the creditor and not delivered or accepted, is a "writing," within the meaning of said section 395, which requires the acknowledgment or promise, necessary to constitute a new or continuing contract, to be contained in a writing.

APPEAL by the defendant, Theodore M. Leonard, from a judgment of the Supreme Court, rendered at Special Term and entered in the office of the clerk of Clinton county on the 7th day of April, 1892, affirming, upon an appeal taken to the County Court of Clin-

ton county, and certified from that court to the Supreme Court, a judgment of a Justice's Court in favor of the plaintiff.

*John H. Booth,* for the appellant.

*E. C. Everest,* for the respondent.

PUTNAM, J.:

This action was brought in a Justice's Court on an alleged account amounting to twenty-nine dollars and fourteen cents. The defense asserted by defendant was a general denial and the Statute of Limitations. During the trial plaintiff withdrew one item of five dollars. The account accrued over six years before the commencement of the action, but within six years defendant offered plaintiff a check for twenty-four dollars and fourteen cents, signed by him in settlement of the claim, and, although plaintiff refused to receive it, he claims it was a sufficient acknowledgment in writing to take the case out of the Statute of Limitations.

The testimony in the case was probably sufficient to sustain the judgment of the justice, unless the defense of the Statute of Limitations was well taken.

The question is whether the check given by defendant to plaintiff was a sufficient acknowledgment in writing to constitute a new and continuing contract, so as to prevent the Statute of Limitations from running against the claim in suit, within section 395 of the Code of Civil Procedure, the check being merely offered to plaintiff and not delivered, in consequence of his refusal to accept it.

Prior to the Code of Procedure and the present Civil Code, it was held that to revive a demand barred by the statute there must be an express promise to pay, either absolute or conditional, or an acknowledgment of the debt as subsisting, made under such circumstances that such a promise may be fairly implied. (*Wakeman* v. *Sherman,* 9 N. Y. 91; *Bloodgood* v. *Bruen,* 8 id. 362; *Sands* v. *Gelston,* 15 Johns. 519.)

Under said Codes the same acknowledgment has been held necessary to take a case out of the operation of the Statute of Limitations, as before, except that the acknowledgment must now be in writing. (*Shapley* v. *Abbott,* 42 N. Y. 447.)

The check, however, which the plaintiff claims is a sufficient acknowledgment in writing to save his claim, appears by the evi-

dence to have been tendered by the defendant in the way of a com-
promise. Defendant testified that he told plaintiff when he ten-
dered the check that it was more than he (defendant) owed him
(plaintiff). This is not contradicted, plaintiff testifying that defend-
ant did state, " It is more than I owe you." It does not appear how
much greater defendant claimed the amount of the check was than
the sum for which in fact he was indebted to plaintiff. It seems,
therefore, that the amount due plaintiff was in dispute. The check
was offered in the way of a compromise,.for less than the amount
claimed by plaintiff, and more than defendant conceded to be due,
and hence was not such an unqualified acknowledgment of the debt
as is required by the authorities. (*Allen* v. *Webster*, 15 Wend.
288, 289 ; *Sands* v. *Gelston*, 15 Johns. 511 ; *Creuse* v. *Defiganiere*,
10 Bosw. 122.)

It is also doubtful whether, under the circumstances, the check
can be deemed " a writing " within the meaning of section 395
(*supra*). It was offered by defendant to plaintiff, but 'not received,
and hence never had any legal inception ·or delivery. It was the
same as if the defendant, after writing the check, had left it in his
check book. Many cases might be cited where debts have been
revived by letters or writings delivered to the creditor or his agent,
and in certain cases to third persons. But my attention has not
been called to any authority holding that a check or paper written,
but never delivered to either the creditor or any other person, a paper
that never had any legal inception, was " a writing " within section
395 (*supra*). In *DeFreest* v. *Warner* (30 Hun, 94), the written
acknowledgment was contained in a deed delivered to and accepted
by the grantees. In *Manchester* v. *Braedner* (107 N. Y. 346), the
defendant delivered to the plaintiff orders on third persons. As if
in this case the check had been delivered to and retained by plaintiff.
In *McCahill* v. *Mehrbach* (37 Hun, 504), the defendant sent a let-
ter to the plaintiff acknowledging the debt. In *Morrow* v. *Mor-
row* (12 Hun, 386), the executor inserted in the inventory sworn to
by him and filed with the surrogate, a note he had heretofore exe-
cuted to his testator. In *Anderson* v. *Sibley* (28 Hun, 16), the par-
ties executed an agreement to arbitrate and on such arbitration to
waive the Statute of Limitations. The defendant afterwards

revoked the arbitration. Many other similar cases might be referred to. In all that I have examined the letter, paper or writing, held to be "*a writing*" sufficient to prevent the operation of the Statute of Limitations, had been delivered to some person. It was not a paper merely offered by the debtor and which in fact had never left his possession.

I am in doubt, therefore, whether the check in question, which was merely offered and not accepted, was "*a writing*," within the meaning of section 395 of the Civil Code. But for the reason first stated, the judgment should be reversed, with costs.

MAYHAM, P. J., and HERRICK, J.. concurred

Judgment reversed, with costs.