Lucius J. Phelps and Another, Respondents, *v.* The Gamewell Fire Alarm Telegraph Company, Appellant.

*Specific instances of mismanagement of a machine — not obviated by proof of general skillfulness — prior negotiations merged in a written contract.*

On the trial of an action brought to recover the contract price of a machine furnished by the plaintiffs to the defendant, where payment is resisted on the ground of the failure of the machine to comply with the contract, evidence on the part of the plaintiffs of specific instances of mismanagement of the machine by the employee of the defendant in charge of its operation, cannot be met by showing in a general way that the defendant's employees were skillful men.

A written proposal for furnishing a gas machine of a specified capacity, for a specified price, stated that the vendors would set up the machine complete, in perfect working order, "and guarantee the same for two years." This proposal was accepted by the vendee in writing, and the vendors brought an action to recover the price of the machine, upon the contract of sale embodied in the written proposal and acceptance.

*Held,* that the word "guarantee," in the proposal, necessarily related to that which the vendors promised in their writing, and that there was no ambiguity in its use which called for the admission, to explain it, of evidence of the prior oral negotiations which had become merged in the written contract.

Appeal by the defendant, the Gamewell Fire Alarm Telegraph Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the city and county of New York on the 13th day of March, 1893, upon a verdict rendered at the New York Circuit, and from an order denying the defendant's motion for a new trial made upon the minutes.

The action was brought to recover the balance of the purchase price of a certain gas machine called the " Domestic," sold by the plaintiffs to the defendant under a contract in writing embodied in a letter of proposal written by the plaintiffs and a letter of acceptance written by the defendant.

*Charles A. Judson,* for the appellant.

*O. B. Gould,* for the respondents.

Parker, J.:

The contract which lies at the foundation of this controversy is in writing and comprised in the two letters following :

"NEW YORK, *January* 20, 1890.
" J. W. STOVER, Esq.,
      " *President Gamewell Fire Alarm Telegraph Co.*,
                              " Boston, Mass. :

" DEAR SIR — We hereby agree to furnish you a Domestic Gas Machine capable of supporting 400 lights of sixteen candle power each, with reservoirs of 720 gallon capacity. Pressure tank 60 gallon capacity, supply tank of 70 gallon capacity, 150 quarts of glycerine, 400 burners.

" Set up the same and connect it with the gas pipes of your factory near Boston, Mass., furnishing 50 feet of main, all complete and in perfect working order (except excavating and gasoline) and guarantee the same for two years for the sum of $633.00, and travelling expenses of expert.

" Payments to be made as follows :

" $200 Thirty days from starting of the machine.

"  200 Sixty    "        "

"  233 Ninety  "        " .
                " Respectfully submitted,
                          PHELPS & DINGLE.

                "N. Y. CITY, *February* 10, 1890.
" DOMESTIC GAS LIGHTING Co.,
          "N. Y. City :

" GENTLEMEN — Please furnish for our new factory at Upper Newton Falls, Mass., the 400 light plant covered by your proposal, guarantees &c., &c.,
                " Yours very truly,
                  " J. W. STOVER,
                            "*President.*"

The recovery had was for the unpaid balance of the contract price with interest.

Defendant alleged in its pleading and attempted to prove failure of performance on the part of the plaintiff, and sought to recover, by way of counterclaim, so much of the purchase price as it had already paid.

Whether plaintiffs had fully performed their part of the contract was fully and fairly presented to the jury by the learned trial court, and their finding was necessarily to the effect that it had been.

It is true that for some reason the gas machine did not accom-

plish for the defendant what it had hoped and expected from it, but the jury likely reached the conclusion that this was due, not to the fault of the machine, but rather to the unskillful manner in which defendant's employee in charge managed it.

After an examination of the testimony of the witnesses, and the correspondence between the parties, we have determined that the finding of the jury is fully supported by the evidence.

Appellant insists that because certain evidence adduced on the part of the plaintiff tended to show that the failure of the gas machine to meet the expectations of the defendant was due to the neglectful and unskillful manner in which it was operated, it was error for the court to have sustained the objection to the following question : " What is the character of the hands that you employ, so far as their capacity is concerned ? "

It is urged that the answer to the question, had it been allowed, would have shown that defendant's employees were skillful, and thus have tended to contradict plaintiff's testimony, that the machine was unskillfully managed.

In the first place, plaintiff's evidence was directed to specific instances of mismanagement, which resulted in a failure of the machine to do its work. These specific allegations the defendant could have met, if untrue, by calling the person in whose charge it had placed the machine, to deny them, and at the same time demonstrate his qualification to manage it, but it could not be done by showing, in a general way, that its employees were skillful men.

Doubtless they were in their particular field of labor, which the witness had already testified was that of manufacturing fire and police telegraph apparatus, but it does not at all follow because they were skillful in that direction that they understood how to manage a gas machine, and there is nothing in the record to suggest that the question was asked with any such purpose in view.

Exception was also taken to the refusal of the court to permit the same witness to tell what the negotiations in regard to the machine were prior to the two letters, which constitute the contract between the parties. Defendant now contends that there is some ambiguity about the contract, particularly with reference to the use of the word " guarantee," which requires parol proof to make plain, and he cites in support of his position *White's Bank* v. *Myles* (73 N. Y. 337).

In the first place, it may be said that, if there was an ambiguity, defendant's exception would not entitle it to a reversal. There was nothing in defendant's question, or in the suggestion made by its counsel to the court, from which the court could understand that defendant claimed an ambiguity.

Defendant's president testified that he was the member of the corporation with whom the negotiations in regard to the machine were had; then followed the question: "Q. Will you tell us what they were?"

Objection was thereupon made, "that the contract had been reduced to writing, resulting in a merger of the prior oral negotiations." And in sustaining the objection, the court but followed a well-recognized rule of evidence. Had the defendant any other object in view than that naturally suggested to the court by its question, it should have disclosed it.

But we do not discover an ambiguity which seems to call for parol testimony to make clear the meaning of the parties.

Plaintiffs' proposal was in terms definite. They proposed to furnish a "Domestic Gas Machine." As to its capacity, it was provided that it should be capable of supporting 400 lights, of sixteen candle power each, "with reservoirs of 720 gallon capacity. Pressure tank 60 gallon capacity, supply tank 70 gallon capacity, 150 quarts of glycerine, 400 burners."

Thus was described the kind of machine, its power and capacity. The proposal further provided that the plaintiffs should set up the machine and make the connections, "all complete and in perfect working order, and guarantee the same for two years."

As used, the word "guarantee" necessarily related to that which the plaintiffs promised in their writing.

The connection in which it is employed does not even suggest the necessity of going outside of the writing in order to understand fully what the parties intended to guarantee.

The cases cited by appellant, therefore, have no application.

The judgment should be affirmed, with costs.

O'BRIEN and FOLLETT, JJ., concurred.

Judgment affirmed, with costs.