(10 Misc. Rep. 456.)

COLEMAN et al. v. RUNG et al.

(Superior Court of Buffalo, General Term. December 10, 1894.)

EVIDENCE—PAROL TO MODIFY WRITING.

 In an action on a written contract, by which defendants agreed to receive and pay for a certain number of books "upon delivery of same; an editorial review of our business to appear in the publication, and cut,"—defendants cannot show by parol that at the time of signing the contract plaintiffs' agent agreed that the notice and cut should be submitted to defendants for approval.

 Appeal from municipal court.

 Action by Mathias T. Coleman and another against Charles Rung and others. There was a judgment in favor of plaintiffs, and defendants appeal. Affirmed.

 Argued before TITUS, C. J., and WHITE, J.

 E. C. Robbins, for appellants.
 Hodson & Webster, for respondents.

 TITUS, C. J. This is an appeal from a judgment of the municipal court. The defendants are partners, engaged in the manufacture and sale of furniture, and have their principal place of business on Broadway, in this city, under the name of Rung Bros. The plaintiffs, under the name of the Interstate Publishing Company, are publishers of an advertising book called "Buffalo of To-Day." On the 9th day of February, 1893, at the solicitation of the plaintiffs' agent, the defendants signed the following agreement, and delivered the same to the plaintiffs' agent:

"Buffalo, N. Y., Feb. 9, 1893.

"To the Interstate Publishing Company: You are hereby authorized to deliver fifty copies of 'Buffalo of To-Day, the Queen City of the Lakes,' bound in illuminated pamphlet covers, for which we will pay you or order the sum of thirty-seven and fifty one-hundredths dollars upon delivery of same; an editorial review of our business to appear in the publication, and cut.

"Rung Brothers."

Subsequently the plaintiffs caused to be delivered to the defendants' place of business 50 copies of the work, corresponding in all respects with the terms of the above order, containing an editorial review of the defendants' business, and of the number of houses in this city at which their business is carried on, and a half-page cut of their principal house on Broadway, and demanded pay for them. The defendants refused to receive the books, or to pay for them. On the trial of the action the plaintiffs proved the making of the agreement by the defendants, the delivery of the books, and the demand of payment, and rested their case. The defendants then offered to show that at the time of signing the order for the books the agent taking the order agreed that an entire page of the work should be devoted to the defendants' business, together with a cut of their three stores, and an editorial notice of their business, and that such notice and review and the cut should be submitted to them for approval, all of which they failed to do. In reference to their failure to submit the review and cut to the defendants for approval, if the view I have taken of the main question submitted is correct, the testimony would become immaterial, for, if the defendants are precluded from giving oral testimony of what they claim occurred at the time of signing the order, then that portion of their offer would be of no importance. The offer made by the defendants was ruled out by the court below, and a judgment rendered in favor of the plaintiffs for the amount of the contract price. This presents the only question in the case: Was it competent to receive parol evidence of what transpired at the time of signing the contract by the defendants for the purpose of showing that a different contract was made? It is a familiar rule of law that parol evidence is not admissible to change or vary a written contract, and that, where a contract is reduced to writing, pursuant to an oral agreement, the presumption is that the written agreement embodies the contract of the parties, and I think it cannot be disputed that the written order for the books amounted to a contract binding on both parties. Butterfield v. Spencer, 1 Bosw. 1; Beardsley v. Davis, 52 Barb. 159. No fraud or mistake is alleged by the defendants in their answer, and no offer was made on the trial to show that any fraud was practiced upon the defendants to induce them to enter into the agreement. The rule that oral stipulations between parties, made at the time of the execution of the written contract, are deemed merged in it, and that parol evidence will not be received to vary its terms, is so well recognized that a reference to a few authorities will be sufficient on that point. Niles v. Culver, 8 Barb. 205; Wilson v. Deen, 74 N. Y. 531; Colwell v. Lawrence, 38 N. Y. 71; Bopp v. Askins (Com. Pl. N. Y.) 10 N. Y. Supp. 539. The defendants insist that the testimony offered was competent, and the court erred in excluding

it. The authorities cited by the counsel for the defendants do ·not question the rule above stated where the contract is complete, and shows that the undertaking of the parties is fully set out. In Routledge v. Worthington Co., 119 N. Y. 592, 23 N. E. 1111, the defendant's undertaking was shown in the writing, but the plaintiff's lay wholly in parol. It was held that there was no contract set out between the parties, and it was competent to show what the plaintiff's undertaking was. It was also held that the contract proposed to be shown was a separate and distinct undertaking by the plaintiff. So in Brigg v. Hilton, 99 N. Y. 517, 3 N. E. 51, which was an order for goods, the court held that the order was not a contract, but a mere memorandum to show what had been ordered, and that it was competent to show by parol the quality of the goods ordered, and that a contract of warranty was entered into by the plaintiff. In Chapin v. Dobson, 78 N. Y. 74, the contract was for certain machines at an agreed price, and it was held that the plaintiff's part of the agreement, which was not in the written undertaking, might be proved by parol. And so in the other cases cited by the defendants' counsel, they all recognize the rule that when the contract is a complete undertaking, in the absence of fraud or mistake, parol proof is not admissible to vary the terms of it; but where, from an inspection of the undertaking, it appears that the whole contract has not been reduced to writing, or that there was a mistake, or one of the parties to it was guilty of fraud, then it is competent to show by parol what the exact contract was. In the case under consideration the contract provided for an editorial review of the defendants' business in the publication, and a cut of the defendants' place of business, which is, in substance, all of the contract. The defendants claim that more space should have been given to the editorial review, and that more than one cut should have been in the publication. The contract calls for a cut of the defendants' place of business. They offer to show that they were to have three cuts instead of one, the effect of which is clearly to change the terms of the written agreement. If the doctrine that parol evidence cannot be given to vary a written agreement is to obtain as the law upon that subject, it is difficult to see how, under the facts of this case, the defendants should have been allowed to make the proof which they offered. It has always been held that a party must protect himself by seeing to it that such details as he may think material to that end should find place in the writing which embraces the undertaking of the parties. The judgment therefore should be affirmed, with costs.