(120 App. Div. 521)

## McKEIGE v. CARROLL.

(Supreme Court, Appellate Division, Second Department. June 28, 1907.)

1. EVIDENCE—PAROL EVIDENCE—WRITTEN CONTRACT—ADDITIONAL TERMS.

Where defendant signed a written contract accepting plaintiff's proposal to lay an asbestos granite floor in defendant's café, the contract being complete in itself, parol evidence was inadmissible to prove a collateral agreement between defendant and plaintiff's soliciting agent, by which the latter agreed to polish the floor and that the colors should be permanent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 2030–2057.]

2. SALES—IMPLIED WARRANTY—FITNESS FOR PURPOSE INTENDED.

A written contract for the laying of an asbestos granite floor contained an implied warranty that the floor would be suitable for the purpose for which it was intended to be used.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 772–776.]

3. SET-OFF AND COUNTERCLAIM—RECOUPMENT.

In a suit for the contract price of a cement floor and certain window seats, defendant could not recoup damages he had sustained because of alleged defects in the work, where he failed to prove the value of the floor as it was and as it would have been without the defects.

4. EVIDENCE—STATEMENTS BY AGENT—AUTHORITY.

Where plaintiff's soliciting agent, who obtained a contract for the laying of a floor, etc., had no authority to make the contract himself or give warranties which would bind plaintiff, a statement, made by such agent preliminary to the execution of the contract, that the colors selected for the floor would not fade, and that the floor should be polished, was not admissible as against plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 893–907.]

5. PRINCIPAL AND AGENT—SOLICITING AGENT—AUTHORITY.

A commission allowed to an agent who solicits orders on sales effected through such orders does not confer on the agent authority to make absolute contracts of sale.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, §§ 278–293.]

6. SALES—COLLATERAL WARRANTY—ISSUES AND PROOF.

In an action for the price of a floor, etc., laid by plaintiff for defendant, evidence was inadmissible to prove an independent collateral warranty not pleaded as such.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 1248.]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Ferdinand McKeige against James Carroll. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

Richard Krause, for appellant.
George W. Olvany, for respondent.

RICH, J. This action was brought to recover a balance alleged to be due and unpaid upon a contract for laying an asbestos granite floor

and the bottoms of two window seats, in defendant's place of business. The plaintiff is a manufacturer and layer of what is known as "Asbestos-Granite" floors, which are composed of calcined magnesite, mixed with chloride of magnesia by a secret process, forming a cement which sets after being laid, and becomes waterproof. One John F. Robert Troeger was engaged in the business of decorating and frescoing, mosaic floors, etc. He was not in the employ of plaintiff, but sometimes received orders for cement floors, and had an arrangement with plaintiff whereby the latter would pay him a commission on all orders he might receive and turn over to plaintiff. About the 20th of August, 1906, Troeger was informed that the defendant wanted a floor in his café, and called upon him to secure the work. In the conversation between them, and in answer to questions asked by defendant, Troeger stated that the floor would wear as long as the defendant was in business; that the colors were permanent, and would not fade; and that he would polish the floor after it was laid. The defendant selected colors, and on August 29th Troeger procured from plaintiff the following paper:

"August 28th, 1906.

"James Carroll Esq., 651 West 42d Street, N. Y. City—Dear Sir: We propose to furnish and lay, with our 'asbestos-granite' floor, your café, at the above address, also the two windows, for the sum of two hundred and twenty five dollars (225). Thanking you very much for the order, we remain,

"Yours very truly, 　　　　　.　　　　　Asbestos Products Co.,
　　　　　　　　　　　　　　　　　　　　"By F. McKeige, Manager.

"I hereby accept the above proposal.
　　　　　　　　　"Owner."

He took this paper to the defendant, who signed the acceptance. Between September 9th and 14th following, the floor was laid and other work done, and about September 21st defendant paid $50 to apply on the contract, which is the only payment he has made.

Upon the trial plaintiff introduced in evidence the written instrument, proved that the floor and window bottoms were laid with asbestos-granite in bordered panels, and the failure of defendant to pay, and rested. The defendant was then permitted to prove, over the plaintiff's objection and exception, the conversation had with Troeger, before and at the time the contract was signed, that the floor was not polished, and that the colors were not permanent. The exceptions taken to the admission of this evidence we think present reversible error. Eighmie v. Taylor, 98 N. Y. 288. The writing appears, upon inspection, to be a complete contract embracing all the particulars necessary to make a perfect agreement, designed to express the whole arrangement between the parties, which excludes it from the operation of the rule permitting parol evidence consistent with and not contradictory of the written instrument, where the contract rests partly in writing and partly in parol. Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961; Phelps v. Gamewell, F. A. T. Co., 72 Hun, 26, 25 N. Y. Supp. 654; Coleman v. Rung, 10 Misc. Rep. 456, 31 N. Y. Supp. 456; Gormully v. Cross, 25 Misc. Rep. 336, 55 N. Y. Supp. 527. Under its provisions the kind of a floor to be laid is specified, and, while there was added to

the instrument the implication that such floor would be suitable and proper for the purpose for which it was intended to be used, it was laid with the material agreed to be used, and there is no proof that it was not a suitable and proper floor other than that afforded by the soft condition of a small portion back of the bar, and the record fails to disclose that this condition was due to improper material or workmanship. Inasmuch as this conditon is shown to be caused by the failure of the cement to set at that point, while in all other parts of the room it did, the evidence that drip from the connecting beer pipes, there located, prevented the hardening of the cement and resulted in the soft condition complained of, is fairly established; and, in addition, the case is barren of any evidence showing the defendant to have sustained damage by reason thereof, which would authorize or permit him to recoup. He failed to prove the value of the floor as it was, or as it would have been had the cement at that point hardened, and the omission of such evidence precluded his recouping any damage by reason of the defect, if the plaintiff was responsible for it. 30 Am. & Eng. Ency. of Law (2d Ed.) 231; Hooper v. Story, 155 N. Y. 171, 49 N. E. 773.

The conversation between defendant and Troeger preceding the preparation of the contract was not admissible because of the absence of any evidence that the latter had any authority to make contracts or give warranties which would bind the plaintiff. It appears without contradiction that his only relations with plaintiff rest upon the latter's agreement that he would pay Troeger a commission for all work he brought him. That he had no authority to make a contract for plaintiff is evidenced by the conceded fact that, after talking the matter over with defendant, he told him he would have to go to the plaintiff for the contract, which he did, and the plaintiff, and not Troeger, signed it. A commission allowed to one who solicits orders, upon sales effected through such orders, does not constitute or prove the solicitor to be an agent of the seller, with authority to make absolute contracts of sale. Clough v. Whitcomb, 105 Mass. 482; Cafre v. Lockwood, 22 App. Div. 11, 47 N. Y. Supp. 916; Ellner v. Priestley and Another, 39 Misc. Rep. 535, 80 N. Y. Supp. 371. There is no evidence that plaintiff was ever informed or knew of the conversation referred to, of the promise to polish the floor, or warranty as to the permanency of the colors to be used, which precludes the contention of ratification. Smith v. Tracy, 36 N. Y. 79. Had Troeger possessed authority to bind the plaintiff, this evidence would not have been admissible as an independent collateral warranty, for it is not pleaded as such.

Without considering the other questions presented, we think the judgment of the Municipal Court must be reversed, and a new trial ordered; costs to abide the event. All concur.