## MYERS v. STEIN et al.

(Supreme Court, Appellate Division, First Department. January 10, 1913.)

1. PLEADING (§ 125*)—SUPERFLUOUS ALLEGATIONS—DENIAL.

Where a member of a mining partnership pledged his interests in the mining property to a trustee to secure certain creditors, an allegation, in a complaint brought by the trustee to subject the property to the payment of the debt secured, that "no proceedings at law or in equity have been taken by the plaintiff for the enforcement of the provisions of the said agreement," was superfluous, as the action affected only personalty, and hence a denial of such allegation raised no issue.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 259, 260; Dec. Dig. § 125.*]

2. ABATEMENT AND REVIVAL (§ 8*)—ANOTHER ACTION PENDING.

Where the maker of a note executed a trust instrument by which he pledged his interests in a mining partnership to secure the payment of the note and any other indebtedness owed by the maker to the payee, an action at law by the payee against the maker to recover on the note was not a bar to a subsequent action brought by the trustee to subject the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

maker's interests in the mining property under the terms of the trust instrument.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 39–56, 58–63, 68, 72; Dec. Dig. § 8.*]

.3. MINES AND MINERALS (§ 99*)—MINING PARTNERSHIP—SALE OF PROPERTY.

Where a member of a mining partnership, being indebted to a copartner on certain notes, executed a trust agreement by which he pledged his interests in the mining property for the payment of the notes, it was no defense to an action by the trustee in the trust agreement that an advantageous offer to purchase the property was made by a third person, and that the copartner refused to join in the transfer and thus prevented a sale, the proceeds of which would have been more than sufficient to satisfy the indebtedness secured; such copartner not having agreed to sell the property, and it being immaterial as to what his motive was in refusing to sell.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 223, 224; Dec. Dig. § 99.*]

-4. PLEADING (§ 120*)—DENIAL.

Where the allegations of the complaint in an action on promissory notes and a collateral agreement are not controverted by general or ·specific denial, they are not put in issue by statements in the answer merely inconsistent therewith.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 244, 253, 254, 257, 258; Dec. Dig. § 120.*]

.5. EVIDENCE (§ 402*)—PAROL EVIDENCE—RULE.

Promissory notes cannot be varied by parol evidence, and consequently, in an action thereon, averments in the answer, merely attempting to change their terms, present no defense.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1799–1806; Dec. Dig. § 402.*]

·6. PLEADING (§ 256*)—AMENDMENT—INSUFFICIENT ANSWER.

Where the answer does not deny any of the averments of the complaint, and all of the defenses set up are insufficient in law, no amendment will be permitted.

. [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 761–763; Dec. Dig. § 256.*]

Appeal from Special Term, New York County.

Action by Emanuel J. Myers, as trustee for Alexander Stein and another, against George Wishart and another. From an order denying a motion for judgment on the pleadings, plaintiff appeals. Reversed, and judgment directed for plaintiff.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.·

Gordon S. P. Kleeberg, of New York City, for appellant.

Robert A. Inch, of New York City, for ·respondents.

DOWLING, J.   The complaint herein sets forth that on October 17, 1911, at the city of New York, the defendant Wishart for value received made his certain promissory note in writing, whereby he promised to pay to Alexander Stein on the 17th day of April, 1912, the sum of $20,000, with interest, and that simultaneously therewith, for a valuable consideration he executed, acknowledged, and delivered to plaintiff an instrument in writing whereby said Wishart undertook

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to secure the payment of certain obligations, and therein and thereby plaintiff was appointed trustee for the benefit of the defendants herein, with the powers and duties therein set forth. Copies of said note and instrument are annexed to the complaint. It is then alleged that on January 20, 1911, Wishart, for value received, made another promissory note in writing, whereby he promised to pay to Alexander Stein the sum of $20,000, with interest, in one year from said date, and delivered same to Stein, and that no part has been paid. It is further alleged that the first-mentioned note was not paid, and that Stein required plaintiff to take proceedings under the conditions of the note, by which the trustee was given power to realize upon the collateral deposited under the agreement referred to, by proper proceedings at law or in equity; the security being given to secure payment, not only of the note due April 17, 1912, but of any other liability of Wishart to Stein. The complaint further sets forth that plaintiff demanded payment of $20,000 due under the note and the performance of its conditions, but defendant has failed to comply therewith. There is an allegation (sixth):

"That no proceedings at law or in equity have been taken by the plaintiff for the enforcement of the provisions of the said agreement (Exhibit B)."

Judgment is prayed that the property mentioned in the agreement (consisting of Wishart's right, title, and interest in the mining partnership existing between Thomas Costigan, John Godfrey, and George Wishart in certain mining claims in the Porcupine district of Canada) be foreclosed and sold under the order and direction of the court, and the proceeds applied towards the payment of the obligations of Wishart to Stein secured and provided to be paid by the parties as aforesaid.

[1, 2] The amended answer of Wishart denies but one allegation of the complaint, viz., the "sixth," before quoted, and further sets up another action at law pending between the same parties upon the promissory note dated January 20, 1911, but which action is brought by Alexander Stein against George Wishart. The denial raises no issue. The presence of the allegation in the complaint was superfluous, for this action affects only personalty. In any event, the allegation was nonissuable, and the denial thereof is not sufficient to require a trial of the issue. Riesgo v. Glengariffe Realty Co., 116 App. Div. 415, 101 N. Y. Supp. 832. The other action pending, which is pleaded as a bar to this, is not between the same parties. It is not upon the identical cause of action, nor does it seek, nor can it afford, the same relief.

[3] The amended answer then proceeds to set up a separate and distinct defense by way of offset, upon averments that Stein, being a joint owner with Wishart, Costigan, and Godfrey of the mine in question, a purchaser was obtained therefor who was willing, able, and ready to pay $165,000 therefor, subsequently raising his offer to $200,000, in the event of a sale, at which price Wishart would have realized about $80,000 as his share, but that Stein refused to sell, saying the mine was worth at least $500,000, by reason of which the

sale was lost, as it required the consent of all the owners to sell the mine, and that Stein "knew that his refusal would prevent said sale"; that the other owners were ready to sell, but that the "willful" refusal of Stein to sell has damaged Wishart in the sum of $80,000. As there is no allegation that Stein had ever agreed to make this sale, or induced the parties concerned to rely upon any representation of his to their detriment, we fail to see how his assertion of his legal right can furnish the basis of any claim against him. He was one of the owners of the mine. He could sell his interest, or not, as he saw fit. He could refuse to sell, save at what he deemed a proper price. His motive in so doing was immaterial. There is no denial of any of the allegations of the complaint contained in this separate defense, and it is insufficient.

[4] For a further and distinct defense the amended answer then (still without any denials of the allegations of the complaint) sets up that Wishart, Stein, and one Whitney, being the owners of the stock of a Canadian corporation known as the Welch Mine, Limited, agreed to raise the balance of the purchase price of the mine and the money required for its development, and that Stein offered to contribute $40,000 thereto, provided Wishart and Whitney would deliver to him their respective notes for $20,000 each, secured by the stock owned by them. It is further alleged:

"Twelfth. That defendant and said Whitney thereupon abandoned their intention to sell their stock, and did each make his note to said Stein for twenty thousand ($20,000) dollars, and did deliver the same to said Stein upon the expressed condition that said Stein would hold said notes until the sale of the control of said company then in his possession, and that said Stein would thereupon satisfy said notes, with interest, from the proportionate part of the proceeds of said sale, accounting to the defendants and Whitney for any surplus, and would not seek to enforce said notes in any other manner unless after such sale a deficiency should arise. That defendant and said Whitney, at the time of said conditional delivery of said notes, delivered to said Stein all their stock in said corporation as collateral security for said notes."

It is then set forth that:

"Stein bought Whitney's stock from him by the return of his note, but refused to buy Wishart's stock, although requested, and that Stein has not sold the control of the corporation, and therefore has not performed the conditions by which alone he would be entitled to enforce the note herein."

The allegations of the complaint, not being directly controverted by a general or specific denial, are not put in issue by a statement merely inconsistent with those facts, or from which a denial may be implied or inferred. Rodgers v. Clement, 162 N. Y. 422, 56 N. E. 901, 76 Am. St. Rep. 342.

[5] The note is set forth in full as an exhibit annexed to the complaint. It is complete upon its face. It is a note secured by collateral, and the agreement governing the realization thereupon is annexed as well. The note contains a definite date of payment. The defense attempted to be set up does not deny the existence of the indebtedness, does not deny the note was given for value received, does not claim that it was void ab initio, and does not assert that it was to

become void in the happening of certain eventualities. It is simply an attempt to vary the terms of the note and the trust agreement accompanying it, by postponing the time of payment set forth in both instruments, which upon their face appear to constitute a complete agreement. This cannot be done. Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961; McKeige v. Carroll, 120 App. Div. 521, 105 N. Y. Supp. 342. The cases cited by respondent do not apply, for there the defense was that the notes sued upon were never to become valid, enforceable obligations until certain contingencies occurred. No such issue is presented here.

[6] Inasmuch as defendant has not attempted, either in his original or amended answer, to deny any of the averments of the complaint, and the defenses which he has sought to interpose are insufficient in law, there seems to be no necessity for giving the defendant leave to plead anew.

The order appealed from will therefore be reversed, with $10 costs and disbursements, and judgment directed in favor of plaintiff upon the pleadings, with $10 costs. All concur.