BROWARD OPERATING CO., INC., Plaintiff, *v.* HIRAM HARDING, Defendant.

Supreme Court, Special Term, New York County, February 21, 1938.

*Samuels & Spaet,* for the plaintiff.

*John G. Snyder [Anson W. Van Ness* of counsel], for the defendant.

NOONAN, J. The motion is by plaintiff for summary judgment. Two causes are set forth in the complaint based on two promissory notes secured by a real estate mortgage. In the first cause of action plaintiff alleges that on January 30, 1925, defendant executed a promissory note payable on or before two years from date to the order of Okeechobee Company in the sum of $638, " together with

interest thereon at the rate of 8 per cent per annum from date until paid, said interest being paid semiannually according to the tenor of four interest coupons of twenty-five and 52/100 Dollars each attached hereto, and bearing even date herewith, both principal and interest coupons payable at office of Okeechobee Company, Okeechobee, Florida: This note and interest secured by mortgage on real estate of even date herewith." Simultaneously with the execution of this note, the defendant, as the plaintiff further alleges, executed and delivered under seal a mortgage on property situated in the county of Okeechobee, Fla., which was duly filed for record. It is further alleged that in and by the terms of said mortgage the defendant covenanted and agreed to pay all and singular the principal and interest and other sums of money payable by virtue of the promissory note; that pursuant to the laws of the State of Florida eight per cent per annum is a lawful rate of interest, and thereafter the said note and mortgage referred to were transferred for value to the plaintiff, who is now the owner and holder thereof.

Finally it is alleged that no part of said note has been paid except interest thereon to the 30th day of July, 1926, and there is now due and owing the amount of the note, plus interest thereon from July 30, 1936.

The second cause of action contains similar allegations and is based on another note dated the same day payable on or before three years from date. The mortgage, a copy of which is annexed to the moving papers, is a sealed instrument and refers to the execution of the two notes in suit for the payment of which it was given as security. It contains the covenant " To pay all and singular the principal and interest and other sums of money payable by virtue of said promissory notes and this deed, or either, promptly on the days respectively the same severally come due."

In his answer the defendant denies that he has any knowledge or information sufficient to form a belief as to the allegations of the complaint that eight per cent is a lawful rate of interest under the laws of the State of Florida and as to the allegation of the complaint that the plaintiff is the owner and holder of the notes for value.

The answer also sets up a separate defense that both causes of action are barred by the six-year Statute of Limitations of this State. (Civ. Prac. Act, § 48, subd. 1.)

On the motion the defendant makes no point as to the interest chargeable on the notes or that the plaintiff is now the owner and holder of the notes for value, but bases his entire defense on the Statute of Limitations. As a matter of fact, the plaintiff submits an affidavit by an attorney authorized to practice in the State of

Florida that eight per cent is a lawful rate of interest under the laws of that State. The action is brought not only upon the notes, but also upon the mortgage covenant.

Plaintiff frankly concedes in a reply affidavit that if the action was based solely on the notes, it would be barred by the Statute of Limitations. It contends, however, that it has a right to recover under the mortgage covenant which expressly provided for the payment of the notes. Such a covenant comes within the twenty-year Statute of Limitations. (Civ. Prac. Act, § 47.) The authorities uphold the plaintiff.

In *Dinniny* v. *Gavin* (4 App. Div. 298, 300; affd., 159 N. Y. 556) defendants gave a chattel mortgage under seal to secure the payment of four promissory notes. Action was brought on the covenant in the mortgage to pay the notes.

In refuting the contention of the defendants that the action was brought more than six years after the due date of the notes, the court said, " We think the mortgage, which is under seal, contains a covenant by the defendants to pay the amount for which the mortgage was given. The defendants thereby agree, under seal, to pay it, and that is enough. * * * The fact that the Statute of Limitations bars recovery upon the notes does not bar it upon the covenant in the mortgage. The notes are not paid; the remedy upon them is barred, but it is not barred upon the covenant in the sealed instrument, and the plaintiff is at liberty to resort to that covenant to secure payment of the debt due him."

In *Ogden* v. *Bradshaw* (161 Wis. 49, 53; 150 N. W. 399, 400) the court expressed the law as follows: " The covenant to pay a specified sum may be contained in such collateral instrument or in the mortgage itself. There may be two promises, one in the note and another in the mortgage; one on simple contract and the other a covenant under seal."

In *Earnshaw* v. *Stewart* (64 Md. 513; 2 A. 734) and *Browne* v. *Browne* (17 Fla. 607) the same principle was enunciated, the latter case being one in the same State where the note in suit were made payable.

The motion is, therefore, granted and the clerk is directed to enter judgment for the relief demanded in the complaint. Order signed.