NAGLE v. HEROLD.
Civ. A. No. 240.

District Court, W. D. New York.
Dec. 16, 1939.

Peter G. Smith, of Webster, N. Y., for plaintiff.

Daniel J. O'Neil, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

Defendant was a director of the Seneca National Bank of West Seneca. On September 30, 1932, he executed his promissory note for $5,555.55, payable to the Seneca National Bank of West Seneca, one year after its date, or "prior thereto in event of suspension" of the Bank. Suit was begun on August 31, 1939, to recover the amount of said note, with interest from the date thereof. The answer sets up, among other defenses, that of the Statute of Limitations. Defendant now moves for summary judgment dismissing the action.

At the time of the execution of the aforesaid note, the Seneca National Bank of West Seneca entered into an agreement in writing with this defendant and other individuals, which, among other things, recites the then existing impairment of the capital of the bank, that various individuals, other than defendant, had executed their joint and several promissory note in the sum of $33,333.35, "payable to the party of the first part one year from the date thereof, or prior thereto in event of suspension" and that the defendant, the party of the third part, executed his individual promissory note, the note in question, in the sum of $5,555.55 to the party of the first part, payable one year from the date thereof, or "prior thereto in event of suspension," and also reciting that the total of said notes had been transferred to the undivided profit account of the party of the first part for the purpose of adding to its capital structure, and further providing that it was the intention of the parties that "if, when said notes become due, the capital of the party of the first part, exclusive of the proceeds of said notes, is not impaired then and in that event said notes shall be cancelled * * *. But if the capital is still impaired when said note becomes due," the makers of the note shall pay as much "as may be required to make good said impairment of capital," of the Bank. Concededly the bank suspended business on March 15, 1933, and has never been reopened, but has been in the process of liquidation since that time.

Under date of December 2, 1938, the defendant wrote the Receiver-plaintiff as follows:

"I would like to increase my offer $200.00 (two-hundred dollars).

"This would bring my new offer to $2200.00 (twenty-two hundred dollars.)

"You no doubt know the circumstances of this note.

"I feel that I have done more than my share. My stock liability was paid promptly and our firm has a considerable amount of money still tied up in the Bank.

"I hope this offer will be satisfactory to you."

The question for determination is whether the Statute of Limitations had been tolled before the commencement of this action.

The Seneca National Bank of West Seneca is a national bank. Insofar as its contracts are concerned it is subject to the laws of the State of New York, in which it is located. "National banks 'are subject to the laws of the state, and are governed in their daily course of business far more by the laws of the state than of the nation. All their contracts are governed and construed by state laws. Their acquisition and transfer of property, their right to collect their debts, and their liability to be sued for debts, are all based on state law. * * *' [First] National Bank v. Commonwealth [of Kentucky], 9 Wall. [353], 362 [19 L.Ed. 701]." McClellan v. Chipman, 164 U.S. 347, 356, 17 S.Ct. 85, 87, 41 L.Ed. 461; First National Bank v. State

of Missouri, 263 U.S. 640, 656, 44 S.Ct. 213, 68 L.Ed. 486. See, also, Lewis, Rec'r, v. Fidelity & Deposit Co. of Maryland, 292 U.S. 559, 54 S.Ct. 848, 78 L.Ed. 1425, 92 A.L.R. 794.

The statutes of the State of New York are applicable to this suit by a receiver. McClaine v. Rankin, 197 U.S. 154, 25 S.Ct. 410, 49 L.Ed. 702, 3 Ann.Cas. 500; Curtis, Rec'r, v. Connly, 257 U.S. 260, 42 S. Ct. 100, 66 L.Ed. 222; Early v. City of Helena, Ark., 8 Cir., 87 F.2d 831, and numerous cases there cited; Futrell v. Branson, 8 Cir., 104 F.2d 409. This is an action on "a contract, obligation or liability express or implied * * *." The action must be commenced within six years from the time the cause of action arose. Section 48, Civil Practice Act of New York. The Statute of Limitations begins to run from the day the right of action accrues. Section 11, Civil Practice Act of New York. Cary v. Koerner, 200 N.Y. 253, 93 N.E. 979.

The first question is whether the statute began to run on September 30, 1933, one year after the execution of the note, or on March 15, 1933, when the bank became insolvent. In determining the question of the limitation period, the note and the aforesaid agreement made co-terminously with it are to be read together and proof of the contents of the agreement is admissible as showing the intent of the parties. Banzer v. Richter, 68 Misc. 192, 123 N.Y.S. 678, affirmed 146 App.Div. 913, 131 N.Y.S. 1103; Moline Plow Co. v. Webb, 141 U.S. 616, 12 S.Ct. 100, 35 L.Ed. 879; Jones on Mortgages, 8th Ed., vol. 2, § 1507. None of the cases cited by the plaintiff to show that the agreement is inadmissible has any relevancy. Viz: Myers v. Stein, 154 App.Div. 631, 139 N.Y.S. 762, 763; Weinhandler v. Lowenthal, N.Y.Sup., 159 N.Y.S. 695; Bloom v. Horwitz, 100 Misc. 687, 166 N.Y.S. 786. The agreement does not contradict the terms of the note. The note on its face is a complete instrument. From the recitals in the agreement and the provisions thereof it is plain that its terms are to limit the note in suit and the other notes to which the agreement refers. It provides that in the event of nonimpairment of the capital of the bank the note in suit and all others as well "shall be cancelled and there shall be no liability" thereon and in certain other event it is provided that the defendant shall "pay so much of the amount required as the amount

of the note signed by the parties hereto bears to the total amount to be paid," which amount may total any amount from nothing up to $50,000. The note and the agreement constitute the contract between the parties. While the note is in the hands of the payee, plaintiff bank or its representatives can only enforce in accordance with both agreement and note. From the terms of the agreement it seems that the rights of the plaintiff and the liability of the defendant, as to the amount and when to pay are fixed by and at the time of the bank's suspension; that the date of the maturity of the note, as well as the agreement, is then fixed just as the amount of the liability is then fixed. This is not a case where the obligation is dischargeable by performance of either of the enumerated acts at the option of the obligor nor where the right of election is given the obligee. Hurd v. Kelly, 78 N.Y. 588, 34 Am.Rep. 567; Chicago Railway-Equipment Co. v. Merchants' Bank, 136 U.S. 268, 10 S.Ct. 999, 34 L.Ed. 349; and Candee, Smith & Howland Co. v. Bendish, 148 Misc. 262, 265 N.Y.S. 737, cited by plaintiff, all come within such type of cases. This is a case where the note became due by its terms without any option to either party.

The note, therefore, became due March 15, 1933, and recovery thereon is barred unless the statute was tolled because of the letter aforesaid written by the defendant to the plaintiff.

Section 59 Civil Practice Act of New York reads: "An acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract whereby to take a case out of the operation of the provisions * * * relating to limitations of time within which an action must be brought * * *."

This provision is almost uniformly the law elsewhere. The rule of construction of Section 59 in New York State is laid down in Manchester et al. v. Braedner, 107 N.Y. 346, 14 N.E. 405, 406, 1 Am.St.Rep. 829, as follows: "It seems to be the general doctrine that the writing, in order to constitute an acknowledgment, must recognize an existing debt, and that it should contain nothing inconsistent with an intention on the part of the debtor to pay it."

This rule is reiterated in Re Gilman, Son & Co., D.C., 57 F.2d 294, and Connecticut

Trust & Safe Deposit Co. v. Wead, 172 N.Y. 497, 65 N.E. 261, 92 Am.St.Rep. 756. In the latter case the debtor's offer, by letter, to pay a small sum in satisfaction was held not to constitute a promise to pay the note or the existing debt. The court said: "At most it is an admission that at one time there existed a liability from the defendant to the plaintiff. But this liability was then barred by the lapse of time."

In Heaton v. Leonard, 69 Hun 423, 23 N.Y.S. 469, a check offered by way of a compromise for less than the amount claimed was held not such an unqualified acknowledgment of the debt as required by law.

Shepherd v. Thompson, 122 U.S. 231, 7 S.Ct. 1229, 1231, 30 L.Ed. 1156, held: "The statute of limitations is to be upheld and enforced, not as resting only on a presumption of payment from lapse of time, but, according to its intent and object, as a statute of repose. The original debt, indeed, is a sufficient legal consideration for a subsequent new promise to pay it, made either before or after the bar of the statute is complete. But in order to continue or to revive the cause of action, * * * there must be either an express promise of the debtor to pay that debt, or else an express acknowledgment of the debt, from which his promise to pay it may be inferred. A mere acknowledgment, though in writing, * * * is not sufficient to raise an implication of such a new promise. * * * there must be a distinct and unequivocal acknowledgment of the debt as still subsisting as a personal obligation of the debtor."

In the letter in question there is no acknowledgment of liability on any note. It does recognize that some claim is being made on the note, and it proposes a compromise offer. This offer was never accepted.

There is here no promise to pay the entire note. Indeed, the letter indicates an intention not to do so. In Hartley v. Requa, 17 Misc. 74, 39 N.Y.S. 846, 847, it was held that a promise to pay a part of a note in settlement of the entire note did not have the effect of an acknowledgment of a debt barred by the Statute of Limitations. It was there said: "The old debt is revived, as a consideration for the new promise. But the new promise, and not the old debt, is the measure of the creditor's right." In Bullion & Exchange Bank v. Hegler, C.C., 93 F. 890, it was held that an acknowledg-

ment on condition was insufficient. "A mere acknowledgment of indebtedness is not enough. It must recognize an existing debt, and it must import an agreement to pay the indebtedness acknowledged. 4 Am. & Eng. Encyl. of Law (2d Ed.) 83." In re McGuire & Hanlein, D.C., 132 F. 394. "And the general view is that an unaccepted offer to compromise a claim barred by the Statute of Limitations does not constitute a sufficient acknowledgment to remove the bar." "As the force of an acknowledgment depends in most states upon the inference to be drawn from it as an intention to pay, if there is anything in the surrounding circumstances, * * * tending to negative such an inference or to leave it in doubt, the indebtedness will not be revived." "If, therefore, any part of the statement of the debtor indicates an intention not to pay the debt, it is abundantly clear that no new liability is created." "And the general view is that an unaccepted offer to compromise a claim barred by the Statute of Limitations does not constitute a sufficient acknowledgment to remove the bar." Sections 169, 170, Williston on Contracts.

In the instant case the offer of compromise was not accepted, and the status of the matter is the same as though there had been no acknowledgment of any liability or a promise to pay any amount.

The rules with regard to the new promise as an extension of the period of liability are no different whether the new promise be made before or after the expiration of the limitation period. Brooklyn Bank v. Barnaby, 197 N.Y. 210, 90 N.E. 834, 27 L.R.A.,N.S., 843, and cases there cited.

It is one contention of the plaintiff that the agreement aforesaid is an agreement under seal and, therefore, the Statute of Limitations does not expire on said note until twenty years from the date of said agreement. It is not thought that there is anything in this contention. The note was an instrument against which the statute of limitations ran in six years. The action is on the note and not the agreement. In Brooklyn Bank v. Barnaby, supra, suit was brought on a note. Certain collateral was pledged as security and agreement made that resort might be made to the security in case of nonpayment of the note. It was held that the promise to pay the deficiency did not revive the liability or constitute a new promise which

would extend the period of limitation. Broward Operating Co. v. Harding, 167 Misc. 573, 3 N.Y.S.2d 696; Dinniny v. Gavin, 4 App.Div. 298, 39 N.Y.S. 485, affirmed 159 N.Y. 556, 54 N.E. 1090.

In re Hahn's Estate, 163 Misc. 70, 296 N.Y.S. 383, the only case cited by the plaintiff on this point, involved only a written agreement under seal, and the opinion has no relevancy here.

■ It is found that the letter of December 2, 1938, does not take the note out of the operation of the six year statute of limitations.

In this decision it has been unnecessary to consider the question of the right of the Receiver to recover on the agreement hereinbefore mentioned separate from the note.

Summary judgment dismissing the complaint is granted. Findings may be submitted to be made for and as a part of this decision.