(17 Misc. Rep. 74.)

### HARTLEY v. REQUA.

(City Court of New York, General Term.   May 23, 1896.)

STATUTE OF LIMITATIONS—PROMISE TO PAY BARRED DEBTS.
   A writing, signed by the maker of a note which was barred by limitation, promising to pay the face amount is in the nature of a settlement, and does not revive the note so as to entitle the holder to recover interest.

Appeal from trial term.

Action by Joseph W. Hartley against Leonard F. Requa on a promissory note.   There was a judgment in favor of plaintiff, and defendant appeals.   Reversed on condition.

Argued before SCHUCHMAN, McCARTHY, and CONLAN, JJ.

P. Van Alstine, for appellant.

Chas. De Hart Broner, for respondent.

SCHUCHMAN, J.   This action was brought in November, 1895, on an instrument for the payment of money only, made by the defendant, which reads as follows:

"$165.85.                                    New York, Nov. 25, 1879.

"On demand, I promise to pay to the order of J. Wilfred Hartley one hundred and sixty-five and $85/100$ dollars, at 98 Reade street, with interest.   Value received.                                    L. F. Requa."

The defendant pleaded the statute of limitations.   The defendant, in 1895, made the following statement:

"On or before June 14, 1895, I hereby promise to pay Mr. Joseph W. Hartley, on account of a demand note of mine held by him, fifty dollars or not less than

thirty dollars, and, on the first of each month thereafter, the sum of twenty-five dollars, until the same is paid [with interest, according to the tenor of the note]. One hundred and sixty-five and $^{85}/_{100}$ dollars.

"New York, June 5, 1895.                                    L. F. Requa."

The note referred to is the note in suit. The words in brackets, viz. "with interest, according to the tenor of said note," were stricken out by plaintiff before defendant's signature was attached thereto, because defendant refused to sign it unless said words were erased. The defendant paid on account of the latter instrument, on June 13, 1895, $30, and on October 10, 1895, $35, making a total of $65, but failed to pay the other installments therein provided for.

These facts being established on the trial, the presiding justice directed a verdict in favor of the plaintiff for $259.83, arrived at by principal of said note, to wit, $165.85; interest thereon, $158.98,—total, $324.83; deduct $65,—due, $259.83.

The appellant maintains that the said note was barred by limitation; that he is not liable thereon, and is only liable on the latter instrument, which liability extends to the principal of said note only, and not the interest thereon. From all the evidence in the case, I conclude to construe the words "on account of," in said latter instrument, to mean "for," and to have been used in the sense of "for," so as to read as follows: "On or before June 14, 1895, I hereby promise to pay Mr. Joseph W. Hartley, for a demand note of mine held by him," etc. This was in the nature of an agreement of settlement, and did not revive the outlawed note. If the bar is sought to be removed by the proof of a new promise, that promise, as a new cause of action, ought to. be proved in a clear and explicit manner, and be in its terms unequivocal and determinate. Chief Justice Marshall says: "An acknowledgment which will revive the original debt or cause of action must be unqualified and unconditional." Wetzell v. Bussard, 11 Wheat. 309. The legal effect of an acknowledgment of a debt barred by the statute of limitations is that of a promise to pay the old debt. The old debt is revived, as a consideration for the new promise. But the new promise, and not the old debt, is the measure of the creditor's right. Shepherd v. Thompson, 122 U. S. 231, 7 Sup. Ct. 1229; Whitcomb v. Whiting, 1 Smith, Lead. Cas., old paging 642, new paging 982. Here we have a debt which is outlawed. The creditor cannot recover thereon. The debtor makes a voluntary new promise, saying, "I will pay you $165, the face of the old note, but no interest thereon." Ought he not, in justice and equity, be acquitted when he makes good that promise?

The judgment appealed from is reversed, with costs, unless the plaintiff stipulates in writing, within 10 days after this decision, to reduce the judgment to the amount of $100.85, with interest from the time when the several installments became payable, as specified in the new promise, and costs of the action in the court below, in which case judgment is affirmed as of that amount, without costs of this appeal.