■ Sam Mintz, Appellant, v. Philip Greenberg et al., Individually and as Executors of Wilhelm Greenberg, Deceased, et al., Defendants; Mary Noval, Appellant, and Charlotte Smith, Respondent.— In an action to foreclose tax liens, the appeals are from an order granting respondent's motion to redeem the property from the judgment of foreclosure. Order reversed, with one bill of $10 costs and disbursements, and motion denied, with $10 costs. In 1953 appellant Mintz acquired transfers of tax liens involving part of the property described in a mortgage, of which the respondent is the assignee, and in a quitclaim deed, in which appellant Noval is the grantee. On February 26, 1955 Mintz instituted this action to foreclose the tax liens. Prior thereto and on February 10, 1955 Henry Silver, the original owner, mortgagor and obligor, and his wife had executed a quitclaim deed to appellant Noval for a consideration of $350, transferring five tax lots, which included the property involved in the tax liens. The deed contains a provision " Subject to all tax liens, unpaid taxes, assessments and encumbrances of record ". The bond and mortgage on the property were assigned to respondent in 1929. The balance of the amount stated therein, for which Henry Silver was personally liable, had become due on January 9, 1932. Respondent did not receive any payments of interest or principal on the bond or mortgage since at least 1932 from Silver or the appellants. The Statute of Limitations rendered the bond and mortgage unenforcible (Civ. Prac. Act, § 47-a). The circumstances under which the deed was executed did not amount to an admission of the validity and lien of the mortgage, and the deed did not extend the period of limitation (*Winter* v. *Kram,* 3 A D 2d 175; *Shohfi* v. *Shohfi,* 303 N. Y. 370, 376; *Matter of Oakes,* 248 N. Y. 280, 284), nor did those circumstances indicate that the provision in the deed was an acknowledgment or promise under which Silver intended to again become personally liable on the debt pursuant to section 59 of the Civil Practice Act (*Van Keuren* v. *Parmelee,* 2 N. Y. 523, 531; *Brooklyn Bank* v. *Barnaby,* 197 N. Y. 210, 224; *Matter of Kendrick,* 107 N. Y. 104, 109–110; *Winter* v. *Kram, supra*). Since the Statute of Limitations bars any action on the bond or mortgage, respondent has no right of redemption (*Matter of Bond & Mtge. Guar. Co.,* 69 N. Y. S. 2d 564). Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.