In the Matter of ENDICOTT JOHNSON CORPORATION, Respondent, *v.* FREDERICK M. BADE et al., Respondents, and GRUNTAL & Co., as Nominee for BERNARD HELLER and Another, Appellant.

Third Department, July 12, 1973.

*Herman Mark Harris, Michael J. Zissu* and *Patricia J. Murphy* for appellant.

*Casey, Lane & Mittendorf (Alan R. Wentzel* and *David H. Kohl* of counsel), for Endicott Johnson Corp., respondent.

COOKE, J.   This is an appeal from an order of the Supreme Court at Special Term, entered August 7, 1972 in Broome County, which (1) granted a motion by petitioner dismissing Gruntal & Co. as a party to this proceeding and (2) denied a motion for discovery by Gruntal & Co.

This is a proceeding brought pursuant to section 623 of the Business Corporation Law to determine the rights of certain shareholders of petitioner Endicott Johnson Corporation and to fix the fair value of the shares of dissenting shareholders of said corporation who are entitled to payment therefor.   On September 9, 1971, Endicott Johnson, a domestic corporation, sent to its shareholders a proxy statement and a notice of special meeting of shareholders to be held on September 24, the purpose of the meeting being to act upon a proposal for the adoption of an agreement and plan of merger between Endicott Johnson and Emco Holdings, Inc., a wholly-owned New York subsidiary of McDonough Co., a Delaware corporation, pursuant to which Emco was to be merged into Endicott Johnson, which was in turn to become a wholly-owned subsidiary of McDonough.   Gruntal & Co., a partnership engaged in the securities business in New York City, which as nominee of Bernard Heller and Baruch Ben Chaim Foundation holds 7,500 shares of Endicott Johnson, received said notice and thereafter filed a written notice of objection to the proposed merger pursuant to subdivision (a) of section 623 of the Business Corporation Law.   The meeting was held as scheduled and the merger plan duly approved by approximately 95% of each class of shares entitled to vote.   On October 1, 1971, Endicott Johnson gave written notice of said action to Gruntal, a dissenting shareholder, pursuant to subdivision (a) of section 623 of the Business Corporation Law, said notice making specific mention of said section.   On October 19, Almodovar, an employee of Gruntal, telephoned Smedira, petitioner's secretary and general counsel, allegedly for some information and assistance in complying with section 623.   Almodo-

var contends that Smedira merely told him to send the stock certificates to him as soon as he could, not mentioning to Almodovar the importance or materiality of " the time factor ", even when Almodovar " specifically asked him that question ", Smedira's alleged reply being " that off hand he did not know ". On the other hand, Smedira alleges that Almodovar asked him what he should do with the certificates but did not ask him anything concerning the filing of a notice of election to dissent or any other requirement of the section. He contends that he informed Almodovar that there was plenty of time for submission of the certificates but that the law required an intermediate step for which the time was short, referred him to section 623, and suggested that he contact Gruntal's attorneys for instructions.

Gruntal mailed its certificates to Smedira on October 22 and demanded its right to appraisal. On October 27, petitioner returned Gruntal's certificates with a letter stating it could not accept them because of a failure to comply with subdivision (c) of section 623, in that it did not file a notice of election to dissent within 20 days of having been given notice by Endicott Johnson of the shareholders' authorization of the merger.

Subsequently, petitioner moved for an order determining that Gruntal was not entitled to receive payment for its Endicott Johnson shares due to a failure to comply with the requirements of sections 623 and 910 of the Business Corporation Law. Said motion was heard and decided together with a motion for discovery by Gruntal, it being determined that petitioner was not estopped from raising Gruntal's noncompliance with sections 623 and 910, that because of such noncompliance, Gruntal was not entitled to receive payment for its shares. Gruntal was dismissed from this proceeding and its motion for discovery was denied.

Subdivision (c) of section 623 of the Business Corporation Law provides, in pertinent part: " Within twenty days after the giving of notice to him, any shareholder to whom the corporation was required to give such notice and who elects to dissent shall file with the corporation a written notice of such election ". In order for a shareholder to avail himself of his right to appraisal, he must follow the procedure established by the Legislature, and the courts may not alter that procedure (*Matter of Marcus* [*Macy & Co.*], 297 N. Y. 38, 45), the time requirements of the statute being mandatory (*Matter of McKinney* [*Bush Term. Bldgs. Co.*], 306 N. Y. 207).

Gruntal seeks to estop petitioner from asserting Gruntal's noncompliance with subdivision (c) of section 623 as a basis for dismissal, claiming that Smedira breached an alleged duty to inform Almodovar, during their afore-mentioned telephone conversation, of the approaching deadline for filing a notice of election to dissent.

With respect to the party claiming the estoppel, one essential element is the lack of knowledge of the truth as to the facts in question (*Parsons* v. *Lipe,* 158 Misc. 32, 79, affd. *sub nom. Parsons* v. *First Trust & Deposit Co.* [2 cases], 243 App. Div. 681, affd. 269 N. Y. 630), and the doctrine may not be invoked where both parties possess the same knowledge and information (*Teetsell* v. *Ross,* 201 App. Div. 826, app. dsmd. 234 N. Y. 633; 21 N. Y. Jur., Estoppel, § 61).

The notice of special meeting of shareholders sent by Endicott Johnson to Gruntal clearly advised Gruntal that '' any dissenting shareholders of Endicott fulfilling the requirements of section 623 of the Business Corporation Law will be entitled to receive payment for their shares as provided in sections 910 and 623 of such Law, the texts of which are attached as Annex III to the accompanying Proxy Statement.'' Furthermore, said proxy statement contained a detailed description of the procedures to be followed by Gruntal to perfect its right to dissent. This information, combined with the October 1, 1971 mailing and the date on the notice of the special meeting, provided Gruntal with all the relevant knowledge concerning the running of the time period under subdivision (c) of section 623. Consequently, Gruntal may not estop petitioner from asserting Gruntal's noncompliance with said section based merely on the afore-mentioned telephone conversation, which at best indicates a lack of immediate knowledge on Smedira's part which was not pursued by Almodovar, Gruntal's employee. Since Gruntal had knowledge of or ready access to the true facts with relation to the requirements to be fulfilled under section 623, an essential element for the application of the doctrine of equitable estoppel is lacking (*Skyway Container Corp.* v. *Castagna,* 27 A D 2d 542; *World of Food* v. *New York World's Fair 1964–1965 Corp.,* 22 A D 2d 278).

The order should be affirmed, with costs.

STALEY, JR., J. P., GREENBLOTT, KANE and REYNOLDS, JJ., concur.

Order affirmed, with costs.