■ MICHAEL J. DI BART et al., Respondents, v ERHAL HOLDING CORP., Appellant, et al., Defendants.—In a mortgage foreclosure action, defendant Erhal Holding Corp. appeals from a judgment of foreclosure and sale of the Supreme Court, Westchester County, entered July 20, 1977, after a nonjury trial. Judgment reversed, on the law, with costs, and complaint dismissed. The respondents are the mortgagees of a parcel of property located in the Town of Cortlandt. The mortgage provides for monthly payments of $500.95. In January, 1975 appellant, a second mortgagee, obtained title to the property by deed after the mortgagors failed to make the November and December, 1974 payments. In April, 1975 appellant paid respondents the sum of $2,003.80, representing mortgage payments for the period of January to April, 1975. Except for a single $1,000 interest payment, no further payments were made upon the mortgage for the next 14 months. Then, in July, 1976, appellant sent respondents a check for $6,514.25, accompanied by a letter which stated that if the check was accepted, the mortgage would be paid through July, 1976 and, consequently, would be "current". Although respondents accepted the check, they proceeded with this foreclosure action upon the ground that that sum did not constitute payment in full of a liquidated claim. We hold that this payment by appellant brought the mortgage up to date in accordance with the terms of the letter. If a claim is liquidated or undisputed, an agreement by the parties to reduce the amount due will be ineffectual (see 15 Williston, Contracts [3d ed], § 1854, p 542). However, appellant was not the mortgagor and was not obligated to pay anything on the mortgage which is the subject of this suit. The law

governing the situation is stated in the Restatement of the Law of Contracts (§ 421, p 793) as follows: "A payment or other performance by a third person, accepted by a creditor as full or partial satisfaction of his claim, discharges the debtor's duty in accordance with the terms on which the third person offered it." (See, also, *Farmer v Schneider,* 269 App Div 1043.) Accordingly, in view of their acceptance of the July, 1976 check, the respondents had no right to foreclose the mortgage. Hopkins, J. P., Latham, Titone and O'Connor, JJ., concur.