**In re FURNITURE–IN–THE–RAW, INC., Debtor.**

**Nos. 77 B 257, 78 Civ. 4501.**

United States District Court, S. D. New York.

Jan. 8, 1979.

Levin & Weintraub, New York City, for debtor by Herbert Stephen Edelman, and Mitchel H. Perkiel, New York City, of counsel.

Hollenberg, Levin, Marlow & Solomon, Mineola, for appellant Mark Ginsberg by Victor Levin, Mineola, of counsel.

## DECISION

POLLACK, District Judge.

This is an appeal from an order of Bankruptcy Judge Lewittes dated August 9, 1978, expunging two interim administration claims filed by Mark Ginsberg in this Chapter XI proceeding. For the reasons set forth below, the order of the Bankruptcy Judge must be affirmed.

The debtor, a manufacturer and vendor of furniture, filed a petition for an arrangement under Chapter XI of the Bankruptcy Act on February 4, 1977. On February 7, 1977, the debtor moved to reject and disaffirm the lease on its office and plant at 8 Rewe Street, Brooklyn, New York, premises owned by appellant Ginsberg. The lease was rejected by order dated March 2, 1977.

On March 23, 1977, the debtor relinquished possession of the premises and notified the appellant landlord that it had abandoned any property left therein. On April 11, 1977, the Bankruptcy Court entered an order approving the landlord's claim for use and occupancy during the period of February 4 to March 23, 1977, in the amount of $16,617.22. On April 28, 1977, the Bankruptcy Court ordered the debtor to remove its abandoned property from the premises and, without deciding the validity of such a claim, ruled that the landlord was free to file "an administration claim for use and occupation for the period until property is removed without prejudice to the debtor-in-possession to object thereto." The debtor moved for reconsideration of the April 11 and April 28 orders, and the appellant moved for immediate payment of the $16,-617.22. After a hearing on the two motions, the Bankruptcy Court entered an order on June 3, 1977 affirming its April 11 and April 28 orders but denying immediate payment of the $16,617.22 approved for actual use and occupation during the period prior to March 23, 1977.

The three orders of the Bankruptcy Court were appealed to the District Court, and before the appeals were decided by Judge Goettel, the parties entered into a stipulation of settlement which was approved by the Bankruptcy Court on September 7, 1977. Apparently this stipulation and its approval were not called to Judge Goettel's attention since on September 12, 1977

Judge Goettel announced an affirmance of the three orders appealed from. The stipulation provided for the *immediate* payment to appellant of $16,617.22 for the February 4 through March 23 period while the debtor was in actual possession of the premises and the waiver by the debtor [sic] of any claims against appellant [sic] for the cost of removing the abandoned property. Appellant waived

all pre-chapter XI claims as well as his claims in this proceeding for damages resulting from the rejection of his lease and any other claims for property damage and the like.

Appellant retained, however, the right

to pursue his administration claim against the Debtor for further reasonable use and occupancy subject to the determinations of the pending appeal [of the April 11, April 28 and June 3, 1977 orders] in the District Court, and, if necessary, the determination of the Bankruptcy Court.

The debtor paid appellant the $16,617.22 as specified in the settlement stipulation upon its approval by the Bankruptcy Court.

On December 14, 1977, appellant filed proof of an alleged *interim* administration claim in the sum of $82,852.77, allegedly representing the value of the debtor's use and occupancy of the premises (after the debtor had moved) from March 24, 1977 through November 30, 1977—the period subsequent to that for which the $16,617.22 had been claimed. This alleged use and occupancy claim was based on the contention that the debtor had failed to clean up the property and debris thereon. On April 14, 1978, a further alleged use and occupancy claim was filed by appellant in the amount of $44,098.37, covering the period from December 1, 1977 through April 13, 1978.

On April 18, 1978, the Bankruptcy Court held a hearing on the appellant's claims for the periods from March 24, 1977 through April 13, 1978 and on the debtor's objections thereto. On July 6, 1978, the Bankruptcy Court found that the debtor had satisfactorily completed the clean-up of the premises

by June 6, 1977, and concluded that appellant's claims would be allowed only as a general unsecured claim, and only for the period preceding the clean-up—March 24 to June 6, 1977.

Proposed orders were submitted by both parties and the Bankruptcy Court heard oral argument thereon. The orders proposed by both parties treated the appellant's claims as general unsecured claims but the debtor's form of order provided that the claims should be expunged in their entirety on the theory that the settlement barred the appellant from asserting general unsecured claims. On August 9, 1978 the Bankruptcy Court signed the order which provided that general unsecured claims had been waived by the appellant in the September 1977 stipulation and that the appellant's claims were accordingly expunged.

Appellant raises three questions for decision on this appeal. The first is whether the Bankruptcy Judge erred as a matter of law in determining that appellant's claims were to be treated as general unsecured claims and not as administration claims.

▮ The appellant's claims for use and occupancy of leased premises after abandonment thereof by the debtor and before disposal of abandoned personal property of the debtor are not entitled to be treated as administration claims and thus accorded priority as an expense necessary to preserve the estate within the meaning of Section 64a(1) of the Bankruptcy Act, 11 U.S.C. § 104(a)(1).

The remaining issue on this appeal involves the interpretation and application of the stipulation of settlement executed by the appellant and the debtor and approved by the Bankruptcy Judge on September 7, 1977. The question is whether the Bankruptcy Judge erred in expunging appellant's claims for the period prior to the clean-up of the premises and for the period thereafter.

The appellant contends that the parties intended that his right to recover damages for the period after the debtor surrendered the premises and before it cleaned-up—

March 24 through June 6, 1977—would survive the stipulation regardless of whether it was to be characterized as an administration claim or a general claim. The appellant contends, in essence, that the reservation in the stipulation according him the right "to pursue his administration claim" excludes the period prior to clean-up from the sweep of the stipulation as a final accord on claims that might be asserted. Appellant asserts further that the claim for the pre-clean-up period represented a special and unique situation and should be distinguished from a general claim based on rejection of the lease which was waived by the stipulation.

The debtor contends, and the Bankruptcy Court held, that the presence on the premises of debris after the tenant had abandoned possession did not give rise to an administration claim and this had been so held in the opinion of July 6, 1978 and that such claim therefore was merely a general creditor claim and subject to the stipulated waiver of all claims "for damages resulting from the rejection of his lease." The debtor argues that the exception to the general release of claims mentioned above was narrowly drawn to permit appellant to collect on his claim only if the Bankruptcy Judge ruled that the claim was in the excepted category, i. e., an administrative expense, and that when that argument failed, appellant was entitled to no further recovery. The debtor maintains therefore that the order of the Bankruptcy Court expunging appellant's general claims as claims covered by the express waiver was correct.

At the hearing held prior to signing the order now on appeal, Bankruptcy Judge Lewittes heard both parties and concluded:

> There is no question in my mind that there was to be the immediate payment of the $16,000. That was an adequate consideration. I believe that the stipulation being a contract is totally unambiguous and [I] need not . . . take as an exception . . . to the [parol] evidence [rule] any evidence with respect to the intent of the parties.

> The terms are crystal clear and the terms are totally unambiguous and my determination is.[that] I will sign the order for the debtor today.

The determination so made was by the Judge who had approved the settlement terms and who must be taken to know what was being approved. Consequently, the contract expressed in the stipulation concludes the issue. The parties agreed to release their claims in a general settlement, with a single carefully defined exception of a claim thereafter to be determined to be an "administration claim." The terms of the agreement of the parties cannot be expanded to allow the appellant to recover on a claim recognized only as a general unsecured claim and consequently waived by settlement.

Accordingly, the order of the Bankruptcy Court dated August 9, 1978, is affirmed.

SO ORDERED.