■ MARTIN BERNSTEIN, Respondent, v JOSEPH KAPLAN, Appellant.—In an action for the repayment of a loan, the defendant appeals from an order of the Supreme Court, Queens County, entered August 8, 1978, which denied his motion for summary judgment. Order affirmed, with $50 costs and disbursements. The facts taken in the light most favorable to the plaintiff are as follows: The plaintiff, Dr. Martin Bernstein, lent his cousin, defendant Joseph Kaplan, a total of $15,500 in December, 1969 and January, 1970. The loan was made to assist Mr. Kaplan in setting up a new business, a luncheonette. No written loan agreement was made and it appears that the loan carried a 7% interest rate. In return for the loan, Mr. Kaplan gave his cousin a series of corporate notes with a face value in excess of $15,500 as collateral (the total face value of the notes does not appear in the record). When the corporate notes became due, in August, 1973, Dr. Bernstein learned they were worthless. Subsequently, he made numerous telephone calls to his cousin with respect to this matter. In August, 1974 Mr. Kaplan received a $500 check from a third party which represented his share of the profits which resulted from the auction sale of his store. He then mailed the check to the plaintiff. Dr. Bernstein returned the check to Mr. Kaplan because he had failed to indorse it. Mr. Kaplan returned the check with an indorsement and a handwritten note saying, "Sorry for all the trouble". The

check also stated that it was from the "Auction Sale of 28-12 Union Street Luncheonette, Inc." This was the only payment which Dr. Bernstein received on the loan. This action was commenced in June, 1977. Ordinarily, the Statute of Limitations on a loan of this type would be six years and would have expired in January, 1976. However, there are two ways in which the statute may be tolled. The first is provided in section 17-101 of the General Obligations Law. This section provides that a signed written acknowledgment of an existing debt which contains nothing inconsistent with an intention on the part of the debtor to pay it will toll the Statute of Limitations and start it running anew *(Morris Demolition Co. v Board of Educ.,* 40 NY2d 516, 520-521; see, also, *Connecticut Trust & Safe Deposit Co. v Wead,* 172 NY 497, 500; *Curtiss-Wright Corp. v Intercontinent Corp.,* 277 App Div 13, 16-17; Siegel, New York Practice, § 50). The alternate method for tolling the statute or starting it anew, as developed by the common law, is based on a partial payment of the debt before or after the statute has expired. However, in order to toll the statute or start it running anew, it must be shown that the payment was of a portion of an admitted debt under circumstances amounting to a clearly demonstrated intention to pay the balance *(Crow v Gleason,* 141 NY 489, 493; *Matter of Fitch,* 270 App Div 227, 237-238). The circumstances of a partial payment may be proven by extrinsic evidence, including the books and records of the debtor, admissions of the debtor, as well as testimony of the debtor or persons having direct knowledge of the circumstances of the payment (see *Matter of Fitch, supra,* p 238). Applying the above principles to the case at bar, we find that no material issue of fact with respect to the claimed written acknowledgment remains to be resolved. As a matter of law, the note which reads "Sorry for all the trouble" fails to satisfy the requirements of section 17-101 of the General Obligations Law. Although it contains nothing inconsistent with an intention to repay the loan, it fails to acknowledge the existence of a larger debt. Therefore, it cannot serve in and of itself as a basis for tolling the statute. The part payment of $500 creates a closer question. Aside from the reference on the check to the luncheonette, it is not clear for what reason the payment was made, or whether a promise to pay the remainder can be implied. The answer to these questions cannot be reached prior to an examination of the defendant after which the plaintiff may develop sufficient factual allegations to present to a jury. Although a lone reference on the $500 check to the store which was related to the underlying loan is not the type of unqualified assurance that more money is due, there may be other facts or records within the exclusive knowledge or possession of the defendant. Mollen, P. J., Hopkins, Rabin and Martuscello, JJ., concur.