*750 OPINION OF THE COURT
Arthur D. Spatt, J.
This is an action to impress a constructive trust as to premises 4 Dulce Lane, Dix Hills, New York. This suit is part of a tangled matrimonial background between plaintiff wife and defendant Edward J. Goldrick (herein referred to as "Edward”), her estranged husband, and defendant William P. Goldrick (herein referred to as "William”), Edward’s father, the plaintiff’s father-in-law.
THE FACTS
Plaintiff and Edward were married on May 8, 1951. There were five children born of the marriage. On June 25, 1965, plaintiff and Edward, as tenants by the entirety, sold a house owned by them at 96 Lockwood Avenue, Farmingdale, New York. On December 19, 1966, the present Dix Hills home was purchased by way of deed to William and Edward, his son, as joint tenants. This was done because William had advanced the money for the down payment and loaned other moneys to plaintiff and Edward.
Thereafter, on March 7, 1977, plaintiff and Edward signed a bond and mortgage in favor of William in the sum of $25,000. On July 18, 1978, Edward conveyed his interest in the property to William so that William is the present sole owner in fee of said premises.
In or about July, 1978, an action for divorce in Supreme Court, Suffolk County, was commenced by Edward against plaintiff who counterclaimed for divorce and for "an equitable claim to the title of the marital premises”.
In a third action, by petition dated October 24, 1978, William has commenced a summary proceeding in the District Court in Suffolk County, attempting to dispossess plaintiff from the home in Dix Hills, now solely owned by William.
REQUESTS FOR RELIEF
Plaintiff has moved by order to show cause for an order granting the following relief:
(1) Enjoining defendants from evicting or dispossessing plaintiff and the five children from the Dix Hills premises.
(2) Enjoining the Third District Court of Suffolk County *751 from proceeding with the summary proceeding therein brought.
(3) Directing that plaintiff not be required to post a bond or undertaking.
(4) Awarding plaintiff $1,500 counsel fees.
(5) Consolidating this action with the said divorce action brought by Edward against plaintiff now pending in this court.
Plaintiff has obtained an interim stay enjoining defendants and the Third District Court of Suffolk County from taking any act to evict plaintiff.
Defendant Edward has cross-moved for an order, as follows:
(1) Dismissing the complaint herein pursuant to CPLR 3211 (subd [a], par 5), upon the ground that the plaintiff’s action is barred by reason of the Statute of Limitations; or, alternatively,
(2) Dismissing the complaint pursuant to CPLR 3211 (subd [a], par 1), that upon documentary evidence, no cause of action lies against the defendants; or
(3) Dismissing the complaint pursuant to CPLR 3211 (subd [a], par 7), that the complaint fails to state a cause of action; or
(4) Dismissing the complaint pursuant to CPLR 3211, upon the ground that the complaint fails to set forth facts with sufficient specificity to constitute a recognizable cause of action as required by CPLR 3013.
CONTENTIONS
The crux of this action is plaintiff’s contention that, "My husband assured me at the time and on numerous occasions since, that subsequent to taking title he would convey title to me as tenant by the entirety.” Plaintiff further states that "subsequent to closing, my husband informed me that he had, in fact, conveyed title to he and defendant as tenants by the entirety”.
Again, in her affidavit of March 13, 1979, plaintiff states her case, somewhat differently: "I assert to this Court that at all times since in or about the year 1970 until the present proceeding, I was under the impression given to me by my husband and my father-in-law that I was one of the owners of 4 Dulce Lane, Dix Hills, New York.” (Emphasis supplied.)
William contends that he was in the real estate business in *752 1966 when he came across the Dix Hills property. At this time, he states, the plaintiff and his son Edward were already having marital difficulties, and a prior action for divorce brought by Edward against plaintiff had been recently discontinued. At the closing he paid the entire down payment and all costs, in addition to the moving expenses. He contends that his son and daughter-in-law owed him over $6,000 at the time of the Dix Hills purchase. This was the background underlying his request that the deed be in his name.
He further contends that plaintiff and Edward owe him in excess of $19,500 as of January, 1979. That in March, 1977, he had them execute a bond and mortgage in the sum of $25,000. This was a strange request in that plaintiff’s name was never on the deed to the Dix Hills property. William explains that if he died, as a joint tenant, his share would go to Edward. If Edward then dies, plaintiff would have a claim and William’s wife might be left without any interest therein.
William goes on to state that in July, 1978, after his son’s marriage again broke up, his son offered to sign over his interest in the property in return for a satisfaction of the aforesaid mortgage. He is now sole owner, paying all the mortgage and property expenses, and he wants possession of his house.
Edward contends that this action was commenced 12 years after the acts occurred involving the placing of the deed in his and his father’s names, and thus the Statute of Limitations is a bar to plaintiff’s action. He denies any agreement or representation to put title in plaintiff’s name. He states that plaintiff knew at all times that William and he were the record owners of the property, and that the mortgage payment notices came to the house for 12 years so indicating the names of the record owners. Edward contends that plaintiff has no cause of action against William, as admittedly, William never made any promises or respresentations to her, nor was he in any confidential relationship with her.
THE LAW
As to the defense of Statute of Limitations in a constructive trust case, the basic applicable statute is CPLR 213 (subd 1) which states that such action must be commenced within six years. There is no doubt that this statute applies rather than the statute applicable to actual fraud which is six years from the discovery. See Practice Commentaries by Dean Me *753 Laughlin (McKinney’s Cons Laws of NY, Book 7B, CPLR C213:9, p 329): "This was not the intention of the legislature, since in an action based upon constructive fraud (where all of the elements of common-law fraud need not be demonstrated), the statute of limitations has long been held to run from the commission, rather than the discovery, of the fraud. Buttles v. Smith, 1939, 281 N.Y. 226, 22 N.E.2d 350. This distinction was noted by the Court of Appeals in 509 Sixth Ave. Corp. v. New York City Transit Authority, 1964, 15 N.Y.2d 48, 255 N.Y.S.2d 89, 203 N.E.2d 486. The general 'equity’ statute of limitations contained in CPLR 213(1) applies to actions for constructive fraud. To reaffirm this distinction, and to make clear that the discovery rule applies only to actions for actual fraud, the discovery rule has now been integrated in CPLR 213(9).” And more recently, the 1977 commentary by Dean McLaughlin provides: "As noted in the original Practice Commentary, the discovery rule set forth in this section applies only if the defendant was guilty of actual fraud, i. e., where he knowingly intended to deceive the plaintiff. Actions based upon constructive fraud, i.e., where the defendant lacked scienter, * * * but nevertheless deprived the plaintiff of his property, are governed by CPLR 213(1) and that statute of limitations runs from the commission of the wrong rather than its discovery.” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1978-1979 Pocket Part, CPLR C213:9, p 60.)
Therefore, since 1962, the Statute of Limitations in a constructive trust case is six years and has long been held to run from the commission rather than the discovery of the fraud.
For the law as to the time of the "commission” of the fraud in a constructive trust case, there is the leading case of Scheuer v Scheuer (308 NY 447). In Scheuer (supra), the plaintiff sought to have a trust imposed upon a house, title to which was held by her husband. She claimed that at the time of the purchase of the house, she turned over to him the sum of $6,000 in order to facilitate the purchase of the house. She claimed that the money was turned over to her husband with the understanding that title would be taken in both names. Title was taken in October, 1938, and. the defendant assertedly made similar promises to the plaintiff in 1946, 1947 and 1949. The court at Special Term, following a trial, dismissed the complaint on the basis of the then 10-year Statute of Limitations, concluding that the statute began to run on October 4, 1938, when the husband took title to the property in his name *754 alone. The Appellate Division affirmed, without opinion, two Justices dissenting on the ground that the Trial Court should have made findings bearing on the issue of estoppel. Judge Fuld stated the rule with certainty: "Plaintiffs cause of action accrued on October 4, 1938, the date when the acts occurred on which the claim of constructive trust is predicated, and, in the absence of an estoppel, it was necessarily barred in October, 1948, upon the expiration of ten years.” (Scheuer v Scheuer, supra, p 450, and cases cited.)
The court then went into the issue of an estoppel which is relevant in this case. Plaintiff here contends that there was an estoppel on the part of defendants which tolled the Statute of Limitations in two respects. First, she contends that there were continued oral promises and representations by Edward subsequent to the closing of title in 1966. It has long been the rule in this State that parol representations or promises in this type of case cannot establish the doctrine of estoppel. (Shapley v Abbot, 42 NY 443; Scheuer v Scheuer, supra.)
Even if the court were to consider the plaintiffs contention that, since 1970, she was "under the impression given to me by my husband and father-in-law that I was one of the owners of 4 Dulce Lane, Dix Hills, New York” as a new and separate allegation of a second constructive trust theory, such action would also be barred under the six-year Statute of Limitations.
Secondly, she contends that she signed a mortgage on March 7, 1977 in the sum of $25,000 in which mortgage she was named a "mortgagor”. In effect, plaintiff contends that in 1977 there was an acknowledgment in writing signed by the party to be charged taking this action out of the operation of the Statute of Limitations.
Section 17-101 of the General Obligations Law reads as follows:
"§ 17-101. Acknowledgment or new promise must be in writing.
"An acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract whereby to take an action out of the operation of the provisions of limitations of time for commencing actions under the civil practice law and rules other than an action for the recovery of real property. This section does not alter the effect of a payment of principal or interest.”
*755 Giving the above statute its natural, ordinary and logical meaning, the statute excepts an action to recover real property such as the instant constructive trust action from the rehabilitative effects of this statute. This is especially emphasized when one looks at section 17-103 of the General Obligations Law wherein agreements waiving the Statute of Limitations do not apply to an action affecting the title of real property. It is apparent that the public policy of this State is to put to rest clouds on title, thereby facilitating their free transfer.
However, even if it be construed that this action be within the provisions of section 17-101 of the General Obligations Law, the court rules that the mortgage herein was not an acknowledgment sufficient to take the action out of the operation of the Statute of Limitations.
Under this section, in order to constitute such an acknowledgment, the writing must recognize an existing debt and should contain nothing inconsistent with an intention on the part of the debtor to pay it. (Manchester v Braedner, 107 NY 346; Lincoln-Alliance Bank & Trust Co. v Fisher, 247 App Div 465.)
The "acknowledgment” to start the statute running anew must be more than a hint, reference or discussion of the old debt and must amount to clear recognition of the claim as presently existing. (Matter of Gilman, Son & Co., 57 F2d 294.) This is no occasion to resort to subtle or refined distinctions; there must be an express recognition of the debt. (Curtiss-Wright v Intercontinent Corp., 211 App Div 13.) Stated simply, the acknowledgment must be one which "leaves no room for doubt”. (Matter of Gilman, Son & Co., supra, p 296; see, also, Mintz v Greenberg, 5 AD2d 774, affd 5 NY2d 909; Zinn v Stamm, 152 App Div 76.)
Applying the above standards to the document in question, namely, the mortgage signed by plaintiff, it is not a clear recognition of her claim to the property; nor is it devoid of doubt as to the existing claim; actually, it is more a hint or inference of plaintiff’s claim to the real property. However, the document itself, by its terms, is inconsistent with plaintiff’s claim in that it states on its face, referring to the property involved in the mortgage: "Being and intended to be the same premises conveyed to Edward J. Goldrick and William P. Goldrick as joint tenants and not as tenants in common by deed dated the 19th day of December, 1966”.
*756 The plea of the Statute of Limitations is not a technical defense. Although the court does not agree with descriptions of the Statute of Limitations as having a "beneficent purpose”, it is a "statute of repose”. (Schmidt v Merchants Desp. Transp. Co., 270 NY 287, 302.) In this case, plaintiffs cause of action accrued on December 19, 1966, when the acts occurred on which the claim of constructive trust was predicated. There was no estoppel by reason of the alleged subsequent oral representations, nor was there an acknowledgment in writing sufficient to start the running of the statute anew.
There is some doubt as to the sufficiency of the plaintiffs cause of action in view of some of the equivocal language in the affidavits. (Cf. Vassel v Vassel, 40 AD2d 713, affd 33 NY2d 533.) The court does not have to go further in this regard since it holds that the action is barred by the Statute of Limitations.
Plaintiffs contention that the conveyance to William is in violation of sections 275 and 276 of the Debtor and Creditor Law is misplaced. The property was conveyed to William for "fair consideration” (Debtor and Creditor Law, § 275) nor is there any evidence that the conveyance to William was made with "actual intent, as distinguished from intent presumed in law” (Debtor and Creditor Law, § 276).
Finally, plaintiff contends that an equitable lien may be placed on the property even though the elements necessary to establish a constructive trust are not present. Her statement of the law of "equitable lien” is correct, but cannot be interposed in this present suit. An equitable lien is a right, not recognized at law, to have a fund, or specific property or its proceeds, applied in whole or in part to the payment of a particular debt. It is not a right which may be the basis of a possessory action, but is merely a charge upon the property itself. (35 NY Jur, Liens, § 12, p 200.)
The complaint does not set forth a cause of action for equitable lien. If the plaintiff wishes to commence such a cause of action, she may assert same for (1) money paid out of her own funds at the closing of title; (2) moneys paid thereafter in reduction of the principal of the mortgage; (3) moneys expended by her for permanent improvements which enhanced the value of her premises. (Towner v Berg, 5 AD2d 481; Badami v Badami, 29 AD2d 645.)
Of course, such claim of equitable lien is also subject to the defense of the Statute of Limitations. It would appear that in *757 an action to establish an equitable lien would fall within the six-year limitation period which is provided for all actions not specifically subject to another Statute of Limitations. (CPLR 213, subd 1; 35 NY Jur, Liens, § 45, p 236.) Since that cause of action is not pleaded in this case, the court need not make any determination with respect thereto. This decision does not bar a subsequent claim of equitable lien by the plaintiff, if timely.
Accordingly, defendant’s cross motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 5) upon the grounds that the plaintiff’s action is barred by reason of the Statute of Limitations is granted as to both defendants. Consequently, plaintiff’s motions are denied in all respects, and all stays are vacated.