In the Matter of IMFC FINANCIAL CORP., Debtor.

Chester B. SALOMON, as Trustee of the Estate of IMFC Financial Corp., Debtor, Plaintiff,

v.

GRAPHIC COMMUNICATIONS CORP., Michael Bernstein, Harry Schaeffer, Max Borenstein, Irving Parnes, Joseph Yachnowitz, Jeffrey Bleustein, Samuel Silver, and Allan Bernstein, Defendants.

No. 80 B 10388.
Adv. No. 80-5410-A.

United States Bankruptcy Court,
S. D. New York.

June 15, 1981.

Sherman & Citron, New York City, for Barry Schaeffer, et al.

Chester B. Salomon, New York City, Trustee.

Kass, Goodkind, Wechsler & Labaton, New York City, for Graphic, et al.

JOHN J. GALGAY, Bankruptcy Judge.

The only issue presently before this Court is whether the affirmative defenses interposed by the two groups of guarantors, defendants in this proceeding by the Trustee of IMFC Financial Corp., (IMFC) to collect the largest account receivable of the estate, bar prosecution of the suit. After reviewing the testimony offered at the hearing on March 25, 1981, the papers submitted by counsel, and the relevant cases and statutes under both New York State and U.S. bankruptcy law, this Court grants the Trustee's motion to strike these affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and Rule 712(b) of the Rules of Bankruptcy Procedure and orders the parties to prepare for a trial on the merits.

IMFC, the Debtor, was in the factoring and financing business. In 1966 IMFC began lending money to one of the defendants in this action, Graphic Communications Corp., (Graphic), with the loans secured by collateral which included inventory. On

March 31, 1968, Harry Schaeffer, Irving Parnes, Joseph Yachnowitz and Samuel Silver (the Schaeffer defendants) guaranteed in writing the existing and future indebtedness of Graphic to IMFC. (Exhibit B to Trustee's Motion to Dismiss Affirmative Defenses). At some time after that date, certain individuals (Participants) formed a joint venture with IMFC to provide the funds required for the continued financing of Graphic. On May 17, 1972, Schaeffer, Parnes and Yachnowitz executed a guaranty of Graphic's indebtedness to IMFC and the Participants. (Exhibit C to Trustee's motion).

The second group of defendants, Michael Bernstein, Max Borenstein, Allan Bernstein and Jeffrey Bleustein (the Bernstein defendants) also executed written guaranties of Graphic's indebtedness to IMFC and the Participants on May 17, 1972.

On October 27, 1977 all of these defendants signed an agreement with Harry Schaeffer, as president of IMFC, which purported to reduce the liability of these defendants on their guarantees. (Exhibit D to Trustee's Motion). All parties admit the execution of the 1977 agreement, but the Trustee disputes the validity of that agreement on various grounds including improper authorization by IMFC's Board of Directors, and violation of Section 713 of the New York Business Corporation Law (BCL) concerning transactions involving interested directors.

On November 5, 1980 the Trustee commenced an action against Graphic and its guarantors to collect money for the benefit of the estate of IMFC. On January 7, 1981 this Court authorized the Trustee to maintain the action against Graphic and its guarantors on behalf of the Participants as well as on behalf of the Debtor, to collect the full amount of the outstanding indebtedness. The Schaeffer defendants contend that the Trustee is barred from prosecuting any action on the 1972 guarantee for the benefit of the Participants on three grounds. First, the Trustee is estopped from attacking the validity of the 1977 limitation on liability. Second, the 1977 agreement was an accord which eliminated any liability on the original guarantee. Third, any action on the 1972 guarantee is barred by the statute of limitations which all parties agree is six years under Section 213 of the New York Civil Practice Law and Rules (CPLR). The Bernstein defendants join in asserting the bar of the statute of limitations. Although Graphic, the account debtor, originally joined in interposing this affirmative defense as well, by an affidavit dated February 20, 1981, the attorney for Graphic withdrew any opposition to dismissal of that affirmative defense with respect to this corporation.

Based on the facts admitted in the pleadings, the testimony at the hearing, and the relevant law, this Court concludes that the Trustee's motion to strike the affirmative defenses of estoppel, accord and satisfaction, and the statute of limitations should be granted. Each of these defenses shall be discussed in turn.

The Schaeffer defendants contend that the Trustee is estopped from attacking the authority of IMFC to enter into the 1977 agreement limiting the guarantors' liability to IMFC and the Participants, and from claiming that that agreement was invalid as not supported by adequate consideration since IMFC received "benefits" under that agreement. They additionally contend that, as the Trustee inherits the Debtors' rights, he is also bound by the debtor's actions.

What these defendants fail to recognize is the longstanding proposition unchanged by the Bankruptcy Code, that a trustee has not only the rights of the bankrupt, but the rights of the bankrupt's creditors when the trustee seeks to avoid a transaction which allegedly transferred property fraudulently or illegally. See *Nusbaum v. City Bank & Trust Co.*, 47 Am BR 684 (1922); *Cartwright v. West*, 26 Am BR 821 (1911). As the court so aptly stated in *Schneider v. O'Neal*, 243 F.2d 914, 918 (8th Cir. 1957), "[w]hile it is unquestionably true that the trustee stood in the shoes of the bankrupt, it is equally true that he stood in the overshoes of the creditors."

Simply because the Debtor received some benefit, and it is important to note that the amount actually received is in dispute, does not bar the Trustee from seeking to avoid the agreement if the rights released far exceeded the value received in fraud of the Debtor's creditors.

■ It is elementary that "estoppel is an equitable principle and cannot be invoked to benefit one who does not *justifiably rely* on the conduct of the principal." *In re Sterling Nav. Co., Ltd.*, 444 F.Supp. 1043, 1049 (S.D.N.Y.1977) (Emphasis added). Under New York law, it is also well established that estoppel cannot be invoked where both parties possess the same knowledge and information. *Endicott Johnson Corp. v. Bade*, 42 A.D.2d 236, 346 N.Y.S.2d 33 (3d Dept. 1973).

■ The issue then becomes whether the Schaeffer defendants have a justifiable right to rely on the 1977 agreement limiting their liability to IMFC and the Participants. On the facts as admitted, this Court finds that they do not.

On June 29, 1977 the Board of Directors of IMFC authorized Harry Schaeffer as president of IMFC to enter into the October 27, 1977 agreement with the guarantors. All defendants admit that the members of the IMFC board who were present at that meeting were the following: Demos, a Participant; Yachnowitz, Parnes, Silver, Schaeffer, Allan and Michael Bernstein, defendants in this action; Ruth Parnes, Eleanor Silver, Freda and James Schaeffer, relatives of the defendants; David Lind and Harry Zeeman. It is an inevitable conclusion that the same people, the defendants, were privy to both sides of this transaction and cannot possibly claim that they did not possess the same knowledge when they acted as members of the IMFC board as when they acted as guarantors of Graphic's debts. Under these circumstances, the affirmative defense of estoppel must fail.

■ The Schaeffer defendants next assert that the 1977 agreement was an accord which bars the Trustee from any recourse under the 1968 or 1972 guarantees. Under New York law,

An accord, when followed by satisfaction, is a bar to the assertion of the original claim. Until so followed it has no effect . . . [T]he original claim is not barred until the satisfaction is completed.

*Reilly v. Barret*, 220 N.Y. 170, 115 N.E. 453, (1917). See also *Loblaw, Inc. v. Wylie*, 50 A.D.2d 4, 375 N.Y.S.2d 706 (1975).

The Trustee contends that the 1977 agreement was not a true accord, and there has never been a satisfaction according to the terms of the agreement. If a claim is liquidated or undisputed, an agreement by the parties to reduce the amount due will be ineffectual as an accord. *Dibart v. Erhal Holding Corp.*, 60 A.D.2d 879, 401 N.Y. S.2d 279 (2d Dept. 1978). Since at that time, 1977, the guarantee was a "potential liability" and therefore an unliquidated claim, for there to be a true accord and satisfaction there had to have been a bona fide dispute about the amount due. See *Hammond Ford, Inc. v. Ford Motor Company*, 204 F.Supp. 772 (S.D.N.Y.1962). Although in the March 6, 1981 affidavit of Robert Kolodney as attorney to the Schaeffer defendants it is alleged that the 1977 agreement "resolved a dispute as to the amount of indebtedness due," the relevant provisions of the 1977 agreement read as follows:

(c) The Guarantors have heretofore, in writing, guaranteed the obligations owed by Graphic to IMFC and to the Participants so that their maximum potential liability as guarantors under the aforesaid obligations of Graphic is currently $1,532,288.71; and

(d) The Guarantors wish to reduce their maximum potential liability as guarantors on the aforesaid obligations of Graphic;

This Court can find nothing within the above quoted language which reveals that the amount of the "maximum potential liability" was the subject of a bonafide dispute.

Even assuming that the agreement was a true accord, there was no satisfaction which would bar the Trustee from suing on the underlying obligation. By its terms the

1977 agreement required a payment of $300,000 by the guarantors simultaneously with the execution of the agreement. All parties admit that no such payment was made. The defendants claim that IMFC waived that condition by accepting payments over time. Even were the Court convinced that the receipt of these payments did constitute a waiver, it is admitted by the defendants that the full $300,000 was never actually paid. Based on these facts, this Court concludes that there was no accord and satisfaction which could bar the instant suit by the Trustee.

▮ Finally, all of the guarantors join in asserting that any suit on the 1972 guarantees is barred by the six year statute of limitations. In reliance on *Peoples Trust Co. v. O'Neil*, 273 N.Y. 312, 7 N.E.2d 244 (1937), the defendants contend that when there is a demand note the cause of action against a guarantor of that note accrues as soon as the note is executed. Since the guarantees were executed in 1972, at the same time that Graphic executed a demand note, the limitations period expired before this action was commenced in 1980. Assuming arguendo that this interpretation of the law is correct, the Trustee contends that the 1977 agreement constitutes an acknowledgment of a debt under Section 17–101 of the New York General Obligations Law (GOL) which recommenced the limitations period.

This Court notes that in a decision by the state court in a related action by several of the Participants against these defendants, Judge Schwartz found that the cause of action against the guarantors did not accrue until after a demand for payment was made on the primary obligor, Graphic. (Exhibit C to Reply Affidavit of Alec P. Ostrow). As defendants were enjoined from prosecuting an appeal of that decision by virtue of the automatic stay under the Bankruptcy Code, no reliance is placed on it by this Court in making its determinations today.

GOL 17–101 in relevant part states that [a]n acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract whereby to take an action out of the operation of the provisions of limitations of time for commencing actions under the civil practice law and rules...

The case law has interpreted this section to require that the acknowledgment must clearly recognize the present existence of the claim, and must contain nothing inconsistent with an intention to pay. See *Shepherd v. Thompson*, 122 U.S. 231, 7 S.Ct. 1229, 30 L.Ed. 1156 (1887); *In re Gilman, Son & Co.*, 57 F.2d 294 (S.D.N.Y.1932); *Bernstein v. Kaplan*, 67 A.D.2d 897, 413 N.Y.S.2d 186 (2d Dept. 1979); *Goldrick v. Goldrick*, 99 Misc.2d 749, 417 N.Y.S.2d 410 (1979). The defendants contend that the 1977 agreement neither acknowledges any debt as between the guarantors and the Participants nor expresses an intention to pay.

To determine what constitutes an acknowledgment, the court must look to the circumstances of the case, and must rely on ordinary business understanding and common sense to determine its effectiveness. *In re Meyrowitz' Estate*, 114 N.Y.S.2d 541 (Sur. 1952). Under the circumstances as previously outlined, this Court finds that the language of the 1977 agreement clearly recognized an existing personal obligation of the defendants. Although already quoted in this decision, as the wording is crucial the key provision is repeated here.

The Guarantors have heretofore, in writing, guaranteed the obligations owed by Graphic to IMFC and to the Participants so that their maximum potential liability *as guarantors under the aforesaid, obligations* of Graphic *is currently $1,532,288.71.* (Emphasis added).

A reading of the plain meaning of that provision can only lead to the conclusion that these guarantors recognized that they had a personal obligation to IMFC and the Participants that was clearly enforceable in 1977. Coupled with the subsequent provision which stated that the guarantors wanted to *reduce* (not compromise or settle) this obligation, to interpret this document as evidencing anything less than an enforce-

able obligation reduces the entire agreement to an absurdity.

The defendants reply that even if there was an acknowledgment of an existing debt, there was clearly no intention to pay. The agreement only states that the guarantors wish to reduce their liability, not that they will refuse to pay the full amount if the liability is not so reduced. As the court in *Brill v. Brandt*, 176 Misc. 580, 26 N.Y. S.2d 477, aff'd 263 App.Div. 811, 31 N.Y. S.2d 674 (1941), concluded in determining whether certain letters constituted a sufficient acknowledgment to revive the statute of limitations,

> although written in an attempt to compromise the judgments for less than their full value, are not inconsistent with an intention to pay the same in the event that settlement negotiations should fail. They contain no suggestion of an intent to repudiate or dispute the indebtedness...

*Id.* 176 Misc. 580, 26 N.Y.S.2d at 482. Likewise, the 1977 agreement does not evidence an intent to repudiate or dispute the maximum liability under the 1972 guarantees, and the reduction in liability was expressly conditioned on the complete performance by the defendants of their obligations under that agreement. As the underlying debt was not barred by the statute of limitations when this acknowledgment in the form of a "settlement" was made, reliance on *Hartley v. Requa*, 17 Misc. 74, 39 N.Y.S. 846 (1896), where the underlying debt was already barred, for the proposition that the new promise is the measure of the creditor's right, is clearly misplaced. Accordingly, this Court finds that the Trustee's suit on the underlying obligation is not barred by the statute of limitations.

Therefore, for all of the reasons stated above, the motions of the Trustee to strike the First, Second and Third Affirmative Defenses of the Schaeffer defendants, and the Affirmative Defense of the Bernstein defendants are hereby granted.

It is so ordered.