(January 18, 2007)

■ BENJAMIN ARYEH, Plaintiff, v CAROL ALTMAN et al., Defendants. ROBERTA CARROLL, Intervenor-Defendant-Respondent; PRIN CORP., Intervenor-Defendant-Appellant. [829 NYS2d 47]—

Order, Supreme Court, New York County (Herman Cahn, J.),

entered on or about December 1, 2005, which, after a nonjury trial, dismissed the complaint and directed that defendants turn the subject painting over to intervenor Roberta Carroll, unanimously affirmed, without costs.

This is an action for replevin of a painting by American impressionist Richard E. Miller, entitled "Women on a Terrace, Giverny." Intervenor Prin Corp., owned by plaintiff and, in turn, the owner of judgments and incidental liens against bankruptcy debtor Michael Altman, is collaterally estopped from challenging intervenor Roberta Carroll's status as a good faith purchaser of the painting. In the Bankruptcy Court's decision approving the settlement between Roberta and the trustee of defendant Altman's bankruptcy estate, the issue of whether Roberta had purchased the painting in good faith was clearly raised in the settlement analysis and decided in favor of Roberta; plaintiff and Prin had a full and fair opportunity to litigate this point (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 500-501 [1984]; *cf. Newin Corp. v Hartford Acc. & Indem. Co.*, 37 NY2d 211 [1975]). Even if the Bankruptcy Court's order approving the settlement was not a final decision (*see In re Justice Oaks II, Ltd.*, 898 F2d 1544, 1549 [11th Cir 1990], *cert denied* 498 US 959 [1990]; *compare In re Joint E. & S. Dist. Asbestos Litig.*, 129 BR 710, 861 [E & SD NY 1991], *vacated on other grounds* 982 F2d 721 [2d Cir 1992]; *In re Furniture-In-The-Raw, Inc.*, 462 F Supp 958, 961 [SD NY 1979]; *see also* Fed Rules Bankr Pro rule 9019 [a]), in light of that court's recent order confirming the chapter 11 plan submitted by the trustee, which occurred before the order on appeal, the approval of the reorganization plan was a final binding decision to be given res judicata effect (*see In re Justice Oaks II, Ltd.*, 898 F2d at 1549).

In any event, the record reflects that the court's finding of Roberta's entitlement to keep the painting was supported by a fair interpretation of the evidence (*L.B. Kaye Intl. Realty Commercial Servs., Inc. v 100 Varick Realty, LLC*, 15 AD3d 176 [2005], *lv denied* 4 NY3d 711 [2005]). As the trial court reasoned, the record shows that Roberta satisfied the UCC definition of a buyer in the ordinary course of business (UCC 1-201 [9]), and that there was reasonable inquiry into the ownership of the painting, even under "reasonable commercial standards of fair dealing in the trade" as applied to a merchant such as Roberta's husband, a gallery owner (*see* UCC 2-103 [1] [b]). The UCC search did not indicate any encumbrances. Even if the search firm had found the relevant UCC financing statement, the description of the painting there was different from other existing descriptions (*cf. General Elec. Capital Commercial*

*Automotive Fin. v Spartan Motors*, 246 AD2d 41, 52 [1998], *appeal dismissed* 93 NY2d 870 [1999]), and in fact was "seriously misleading" (*see* UCC 9-506 [a]). Contrary to Prin's assertion, a review of the exchange invoice between Altman and Roberta reveals that Altman did not maintain virtual control over the painting, and additional evidence revealed that the Carrolls had legitimately purchased it (*cf. Halsted v Globe Indem. Co.*, 258 NY 176, 180 [1932]). Further, Prin's argument that the painting is much more valuable than the paintings Roberta traded for it is inapposite in light of UCC 1-201 (44) (d) (*cf. Snow Machs. v South Slope Dev. Corp.*, 300 AD2d 906, 908 [2002]).

The court's decision to preclude certain evidence about which Prin complains was not an improvident exercise of discretion (*see Radosh v Shipstad*, 20 NY2d 504, 508 [1967]).

We have considered and rejected Prin's remaining arguments. Concur—Tom, J.P., Marlow, Gonzalez, Sweeny and Catterson, JJ.