Judgment, Supreme Court, New York County (Helen E. Freedman, J.), entered August 20, 2008, after a nonjury trial in an action to collect on two promissory notes, in favor of defen *509 dant, and bringing up for review an order, same court and Justice, entered February 26, 2008, which granted defendant’s motion for leave to amend the answer, unanimously affirmed, without costs.
The trial court’s determination, that plaintiffs failed to demonstrate that the applicable six-year statute of limitations (CPLR 213 [2]) was tolled on the basis that the inflated invoice payments defendant made were referable to the subject notes or that they amounted to a clearly demonstrated intention by defendant to pay the balance on the notes (see Bernstein v Kaplan, 67 AD2d 897, 898 [1979]), was supported by a fair interpretation of the evidence (see e.g. Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]; Aryeh v Altman, 36 AD3d 492, 493 [2007]).
We decline to consider plaintiffs’ argument, raised for the first time on appeal, that granting leave to amend the answer eliminated an admission as to payment on the notes (see Juvenex Ltd. v Burlington Ins. Co., 63 AD3d 554, 555 [2009]). Were we to consider the issue, we would find that the court properly granted leave to amend the answer, as the amendment did not prejudice plaintiffs since the allegations in the answer that were eliminated were made “on information and belief,” which is not a judicial admission (see Scolite Intl. Corp. v Vincent J. Smith, Inc., 68 AD2d 417, 421 [1979]). Furthermore, the affidavit of defendant’s counsel in support of the motion was the appropriate supporting document given that the proposed amendment was not based upon “additional or subsequent transactions or occurrences” (CPLR 3025 [b]; see Arriaga v Laub Co., 233 AD2d 244 [1996]). Concur—Gonzalez, P.J., Friedman, Moskowitz, Renwick and DeGrasse, JJ.